Daniel, J.
 

 The defendant was the owner of a tract of land, lying in the County of Washington, encumbered with a mortgage to one Myers for $851 ; he contracted, by the instrument of writing mentioned in the case, to sell it to th,e plaintiff for $950. And in the said deed, is this stipulation or condition :
 
 “
 
 For the faithful performance of the covenant contained in this agreement, the parties to these presents, do
 
 bind
 
 themselves in the sum of one thousand dollars.” The defendant refused to convey, and the plaintiff brought this action of debt against him. And under the statute, he, in his declaration, assigned as a breach the refusal of the defendant to convey, after he had been requested to do ■so ; and stated his damages to be
 
 one
 
 thousand dollars. The defendant pleaded, “
 
 Conditions
 
 performed,” and
 
 “ Conditions not broken.”
 
 On the trial, the plaintiff prayed the Court to charge the jury, that they should give him $1000 in damages, as he contended that the damages had been liquidated by the parties themselves. The Court refused to comply with this prayer ; and the jury gave damages to the amount only of $85 27 ; for which sum the Court gave judgment, and the plaintiff appealed. The word
 
 “penal,”
 
 is omitted m the sentence in the deed, next before the words, “ sum of one thousand dollars.” And, from that omission, the plaintiff now construes the instrument of writing to stipulate for liquidated damages. That word being left out of the deed, will not, it seems to us, make the sum of money inserted stand as liquidated damages, in case of a.breach of the covenants, by either of the parties to them. From a view of the whole instrument, the sum appears to have, been inserted, as for a penalty. Suppose that Anesley had tendered a deed of conveyance, and Lindsay had'refused to accept it and pay the purchase money; would it for a moment
 
 *189
 
 be supposed, that Anesley could have kept the land, and also recovered of Lindsay $1000, as liquidated damages'? Duch a construction would at once shock common sense. We see that each party to the instrument is bound in it under the identical same sum, ($ 1000,) to keep his covenants. And if it would not have done, to have enforced it against Lindsay as liquidated damages, in case he had failed to comply with his covenants, neither will it now be right to make such a construction against Anesley, on his failure to comply with his covenant. The
 
 quantum
 
 of damages, in an action of covenant, may be assessed by the jury, when the precise sum is not the essence or substance of the agTeement. The $1000 was not the essence of this contract; the substance of the agreement was, that one should convey the land, and the other should pay the stipulated purchase money. The $1000 was intexided to cover, as a penalty, all such actual damages as either party might sustain, in consequence of any breach of their respective covenants. We have examined the cases, cited by the plaintiff’s counsel, and they, by no means, (as we think,) establish the doctrine he contends for. In the case of
 
 Lowe
 
 v.
 
 Peers,
 
 (2
 
 Burr.
 
 2225,)
 
 Peers
 
 covenanted as follows:
 
 “
 
 I do hereby promise
 
 Mrs. Catherine Lowe,
 
 that I will not marry with any other person beside herself: if 1 do,
 
 I agree to pay
 
 to the said
 
 Catherine Lowe,
 
 £1000, in three months next after 1 many any body else.” Peers afterwards married Elizabeth Gardner. The breach assigned upon the covenant was, in the non-payment of the £1000. The Court held, that the payment of this sum was the very substance of the agreement. There'was no other standard, by which the intention of the parties, as to the damages for a breach of the covenant, could be measured. So, if a lessee covenants with his landlord not to plough up meadow, and, if he does, lie will
 
 pay
 
 £5 an acre for every acre ploughed up ; this sum is liquidated damages — it is. the essence of the agreement. In
 
 Fletcher
 
 v.
 
 Dyche,
 
 (2
 
 *190
 

 Term,
 
 32,) the covenantor agreed to repair a church for a certain sum of money ; and he furthermore agreed, to do and find all the necessary Smith’s-work and iron-monger’s work, in six weeks from the date of the covenant, for £118, 18s. And he agreed in the deed, that if the Smith’s and iron-monger’s work was not done within the time mentioned, he would
 
 pay
 
 to the covenantee the sum of £10 for every week after the expiration of the time agreed upon, until the said Smith and iron-monger’s work should he completely finished. The Court held, that such weekly payments were not in the nature of penalties, but weré liquidated damages : the object of the parties, in naming this weekly sum, was to prevent any altercation with respect to the question of damages; it would have been difficult for a jury to have ascertained what damages the covenantee had really sustained by the breach of the agreement; therefore, it was proper for the contracting parties to have ascertained it themselves by their agreement : it was like demurrage, so much specifically per week.
 
 Slosson
 
 v.
 
 Beadle,
 
 (7 Johns. Rep. 72,) was a covenant to convey land, “ or in lieu thereof,
 
 lo pay the
 
 plaintiff #800.” So in
 
 Tingley
 
 v.
 
 Culler,
 
 (7 Con. Rep. 291,) there the language
 
 was, “
 
 If Elisha Cutler does not perform according to the within instrument,
 
 he shall pay
 
 the sum of #150 and this wasffield a case of liquidated damages. It is therefore seen, that, in all the cases brought to our notice, the defendants had agreed, in the «covenants, to
 
 pay
 
 a certain sum to the other party in •case of a breach' by them, as a compensation for the breach; a sum, bearing some proportion to that which a jury probably would have given, if it had been submitted to them. Pecuniary punishment for the breach is, in all the cases cited, out of the question. How stands the .case now before us ? Why, the jury have said, that the real damages which the plaintiff has sustained, are but #85 27; 'and yet the plaintiff insists, that because the adjective word
 
 u ■penal”
 
 happened to be omitted to be
 
 *191
 
 inserted in the written agreement, next before the words, “sum of one thousand dollars,” that he is entitled to $1000, as liquidated damages.
 

 Not so, we think ; and the judgment must be affirmed.
 

 Per Curiam. Judgment affirmed.