WHEEDON v. AMERICAN BONDING AND TRUST CO.

(Filed March 26, 1901.)

DAMAGES—*Contracts—Default—Penalty.*

> Where a sum specified in a contract as "liquidated damages" is disproportionate to actual damages, such damages should be treated as a penalty and only actual damages can be recovered.

ACTION by L. A. Wheedon against the American Bonding and Trust Company, heard by Judge *George A. Brown,* at April Term, 1900, of NEW HANOVER County Superior Court. From a judgment for the plaintiff, the defendant appealed.

*Bellamy & Peschau,* for the plaintiff.
*Iredell Meares,* for the defendant.

CLARK, J. This is an action upon a building contract upon the following provision in the contract, that the contractor should wholly finish said work by 10th October, 1899, "and in default thereof the contractor shall pay the owner

ten dollars for every day thereafter that the said work shall remain unfinished, as and for liquidated damages." It is admitted that the work was not completed by 10th October. The plaintiff on 12th October notified the defendant that the time had expired and that he would take the work and complete it unless the defendant desired to do so, who replied that it would not complete the building, and for the plaintiff to go ahead and do so. He got an architect, who completed the work as soon as possible, which was February 1st following. The plaintiff paid the architect out of balance due on contract price, leaving a small balance in his hands, but against this parties who have furnished material, labor and supplies to the contractor have served notice on the owner for the same, aggregating far more than the said balance due contractor.

This is an action for the ten dollars per day default from October 10, 1899, till February 1, 1900, but the contractor being insolvent, the plaintiff limits his demands to six hundred dollars, the amount of the bond in which the defendant became surety to the plaintiff for the execution by the contractor of the stipulations in aforesaid contract.

The contract price for the building was $1,600. The defendant contends that the sum of $10 per day is in truth a penalty to be relieved against, that only actual damages should be recovered, and that the only element of actual damages shown is that the rental value of the house was $30 per month, even after it had been made to cost $3,000 by additions outside the contract. The plaintiff contends that the stipulation of $10 per day "as liquidated damages" takes it out of the power of the Court to treat the specified amount as a penalty, and to reduce it to actual damages. The Judge below held with plaintiff, and rendered judgment for six hundred dollars.

In an action on a penal bond for the performance of a contract, equity always interposes to relieve, and the measure of

damages is compensation for actual loss, not exceeding the penalty named. As there is often difficulty in ascertaining the amount of actual damages the custom has sprung up of stipulating for a certain sum "as liquidated damages." When such sum is not plainly and clearly so excessive as to be in fact a penalty the Courts will abide by the stipulation of the parties as the correct measure of damages. But the use of the phrase "as liquidated damages" does not have that effect, when the sum stated is in reality a penalty.

While the cases are somewhat conflicting, we think the true rule is stated in the following: "The fact that the parties use the words 'liquidated damages' is not conclusive. The Court will endeavor to ascertain the true intention of the parties and if the sum fixed by the contract is in fact a penalty the measure of damages is the actual loss." *Hennessy v. Metzger,* 152 Ill., 505; Sedgwick on Dam. (8th Ed.), 582, 584.

"When the sum specified in the contract as 'liquidated damages' is disproportionate to the presumed or probable damage or to a readily ascertainable loss, the Courts will treat it as a penalty and will relieve on the principle that the precise sum was not of the essence of the contract, but was in the nature of security for performance." *Ward v. Building Co.,* 125 N. C., 230; *Thoroughgood v. Walker,* 47 N. C., at page 19; *Burrage v. Crump,* 48 N. C., 330; *Lindsay v. Anesly,* 28 N. C., 186.

Here the contract price of the building was $1,600. A stipulation of $10 for each day's delay to complete it after the time specified in the contract is palpably a penalty, however styled in the contract. The only damage really shown is the rental, and possibly the discomfort of not occupying one's own home. Such rent and discomfort fall far short of $10 per day, or even the $600 allowed for a delay from 10th October to February 1st, when the evidence shows that the

rental value of a $3,000 house (nearly double the value) is $30 per month or $1 per day.

The judgment must be set aside and a new trial ordered, that actual damages by the delay to complete the building at the specified date shall be ascertained and judgment awarded therefor.

Error.