DISOSWAY v. EDWARDS.

(Filed March 8, 1905).

*Bond—Penalty—Stipulated Damages.*

Where a bond in a certain sum is given, conditioned upon an agreement not to engage in a particular business, there is a presumption that it was a penalty and was not intended to cover stipulated damages, and it must be left to the jury to determine from the evidence whether said sum was intended as stipulated damages.

ACTION by Mark Disosway against A. M. Edwards, heard by *Judge W. B. Council* and a jury at October Term, 1904,

of the Superior Court of CRAVEN County.    From a judgment
for the plaintiff, the defendant appealed.

No counsel for the plaintiff.
*W. D. McIver,* for the defendant.

CLARK, C. J.    The defendant sold out his liquor business
in New Bern to the plaintiff and stipulated that he would
not engage in said business in the limits of said town for the
space of twenty years.    He executed his bond in the sum of
$1,000 conditioned that if he should violate that stipulation,
"then this bond to be in full force and effect    *    *    *
otherwise to be null and void."    The first issue was whether
such bond was in substance an agreement to "pay the plaintiff
the sum of one thousand dollars as stipulated damages for the
breach" of such stipulation.    The Court charged that the
question for the jury was whether such contract (to pay
stipulated damages) "the language of which is the substance
of the bond entered into between the parties," was entered
into at the time of contract of sale made by the defendant to
the plaintiff, that is, whether it was part of the trade and un-
derstanding between the parties.    This was error.    It was not
merely essential that such contract should be made, as a part
of the contract of sale, but it must appear that the $1,000
was for stipulated damages, and not a penalty.

When the case was here before (134 N. C., 254) the Court
pointed out that the $1,000 bond did not state that it was
intended to cover stipulated damages, that the presumption
was that it was a penalty and this could be overcome only by
evidence.    And in *Wheedon v. Am. Bond and Trust Co.,* 128
N. C., 69, it was held that even if it had been stated that it
was for "liquidated damages" that it would not be conclusive,
but the true intention of the parties must be ascertained,
whether in truth the sum stated was not in fact a penalty

against which the courts would relieve upon ascertainment of the true damages. It is true the second issue left it to the jury to determine whether stipulated damages were intended, but the Judge on the first issue had already told them that was the purport of the bond. There are other exceptions, but it is not necessary to discuss them.

Error.