### R. B. HORN v. W. J. POINDEXTER.

(Filed 11 December, 1918.)

**1. Contracts—Breach—"Liquidated Damages"—Interpretation.**

While a stipulation for "liquidated damages" for the breach of a contract may be enforcible in the amount stated, in proper instances, the mere use of this expression by the parties to the contract does not necessarily control, for the true intent and meaning of the contract must be determined by a proper consideration of the instrument as a whole the situation of the parties, the subject-matter of the contract and of all the circumstances surrounding its execution.

**2. Same—Penalty.**

Where the nature and terms of a contract and the conditions· and circumstances relevant to its interpretation afford sufficient data for a definite and satisfactory estimate of the damages which may arise from its breach, the fixing of them in an amount stated in the contract, designating them as "liquidated damages," does not of itself control the interpretation, the tendency of the courts being to regard these stipulations as in the nature of a penalty, and to uphold the fundamental principal of just compensation wherever there is such a marked disproportion between the amounts fixed upon and the damages likely to arise as to render them arbitrarily unreasonable or oppressive or likely to become so in the course of adjustment, without reference to the actual loss sustained.

**3. Same—Pleadings—Judgments—Default and Inquiry.**

In an action upon a bond to secure the defendant's performance of the remaining portion of the plaintiff's contract, covering a term of years, for carrying government mail, as sublessee, with the approval of the government, the contract sued on stipulated a certain amount as "liquidated damages," to be recovered upon its breach by the defendant: *Held*, by a proper interpretation of the contract, the stated amount was in the nature of a penalty, within which a recovery for actual damages may be had upon its breach, the same being of a nature to be readily ascertained or determined upon; and a final judgment by default for the want of an answer was improperly entered, the proper one being by default and inquiry.

ACTION tried before *Cline, J.,* at August Term, 1918, of YADKIN.

The action is to recover on a bond in the sum of $800 given by defendant to plaintiff to secure the performance of the remaining portion of a mail contract sublet to defendant by plaintiff with the assent of the Government.

In plaintiff's complaint, duly verified, it is alleged: "That plaintiff, in 1916, entered into a contract with the Government to carry the mail from East Bend, N. C., to Donnaha and back, twelve times a week, for four years, from 1 July, 1916, to 30 June, 1920, and carried same till 1 December, 1917; that plaintiff then, with assent of the Government duly given, sublet the route to defendant, who agreed to carry the mail for the remaining portion of said term, at $494.63 per annum, and entered into a written contract to that effect, same containing defendant's bond of $800 to secure performance, and stated in the contract to become, in case of breach, 'liquidated damage, and not a penalty'; that on 1 June, 1918, defendant failed to refuse further to carry out the contract, compelling plaintiff to again undertake same, to his damage."

At the close of the return term there was judgment by default final for the $800, and defendant having duly excepted appealed.

*A. E. Holton and Benbow, Hall & Benbow for plaintiff.*
*Jones & Clement and Williams & Reavis for defendant.*

HOKE, J. It is recognized that parties may stipulate in their contracts for a sum certain as "liquidated damages" in case of breach, and have such stipulation enforced if that is the true significance of the agreement. Such significance, however, is not controlled by the fact that they have seen fit to designate the same as "liquidated damages," but the true intent and meaning of the contract must be determined by a proper "consideration of the instrument as a whole, the situation of the parties, the subject-matter of the contract, and all the circumstances surrounding its execution." 19 A. & E. Enc., p. 398; *Lindsay v. Anesly,* 28 N. C., 186.

A provision of this kind is more appropriate and more likely to be upheld when the damages are "uncertain in their nature or difficult or impossible to estimate with definiteness by reference to pecuniary standards," as instanced in breaches of promise of marriage or in the sale of a business and good will with a stipulation against further competition by the vendee, and the like. But in cases where the nature and terms of the contract and the conditions and circumstances relevant to its interpretation afford sufficient data for a definite and satisfactory estimate of the damages, the tendency is to regard these stipulations for a fixed sum to cover unascertained damages, as in the nature of a penalty, and, upholding the fundamental principle that a just compensation is the result to be sought, they have been so construed by the courts wherever there is such marked disproportion between the amount fixed upon and the damages likely to arise as to render them unreasonable or oppressive, or they may become so in the course of adjustment, because,

with the data for correct ascertainment readily attainable, it is evident from a perusal of the contract that the amount has been arbitrarily adopted without reference to the loss actually suffered and liable to arise in case of breach. In illustration, it is laid down as a rule of construction on this subject, in Hale on Damages, p. 128, that where the stipulated sum to be paid in a breach of the contract is of such a nature that the damages arising from a breach may be either much greater or much less than the sum fixed it will be construed to be a penalty. And in 8 R. C. L., p. 560, it is said "That the sum named will be regarded as a penalty if the defaulting party is liable for the same amount, whether the breach is total or partial."

Under these general principles, approved by well-considered decisions here and in other States, we are of opinion that this $800 is a penal sum to secure plaintiff in the amount of damages actually suffered by the breach, and, on the facts stated in the complaint, only a judgment by default and inquiry should have been entered. *Dissoway v. Edwards,* 134 N. C., 254; *Wheedin v. Bonding Co.,* 128 N. C., 69; *Burrage v. Crump,* 48 N. C., 330; *Thoroughgood v. Walker,* 47 N. C., 15; *Curedin v. Kemper,* 47 Kan., 126.

Not only is the character and extent and cost of this service fully known, furnishing full data for the correct ascertainment of the damage, but, under a different construction, the $800 is due and recoverable though defendant had been in default only for the last few days of the period. This would be to make the contract both unreasonable and oppressive and affords convincing evidence, as stated, that it should be properly considered as a penalty.

This will be certified that the judgment of default final be set aside and further proceedings had in accordance with law.

Error.