126 N.J. Super. 254 (1973)
314 A.2d 69
FOONT-FREEDENFELD CORPORATION, PLAINTIFF-RESPONDENT AND CROSS-APPELLANT,
v.
ELECTRO PROTECTIVE CORPORATION, DEFENDANT-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Argued May 29, 1973.
Decided June 28, 1973.
*255 Before Judges LEONARD, HALPERN and ARD.
*256 Mr. Sidney Krieger argued the cause for appellant.
Mr. Theodore W. Geiser argued the cause for respondent and cross-appellant (Messrs. Hughes, McElroy, Connell, Foley & Geiser, attorneys).
PER CURIAM.
Following a jury trial, defendant appeals from a judgment in the amount of $27,500 and from an order denying its motions for a judgment n.o.v., a new trial, or alternatively, that the judgment in favor of plaintiff be reduced to the sum of $50. Plaintiff cross-appeals from an order entered before trial, which granted a partial summary judgment limiting defendant's contractual obligation to $50.
Plaintiff is a manufacturer of women's apparel and operated its plant on the second floor of premises at 225 Adams Street, Hoboken. Defendant is engaged in the business of designing, installing and maintaining burglar alarm systems. On August 2, 1962 the parties entered into a written contract whereby defendant agreed to install and maintain an alarm system in plaintiff's premises and pursuant thereto such a system was installed. Following two minor break-ins in April and June 1969, a major break-in occurred on June 27, 1969. Plaintiff asserted that the latter resulted in a loss of $55,423.13 and it instituted this suit to recover that loss.
Plaintiff, in accordance with an amendment to the pre-trial order secured by it, presented this case to the jury upon the theory of "misrepresentation or constructive fraud." At the trial, plaintiff did not charge or prove knowledge of the falsity or scienter of the alleged fraud on the part of defendant or its agents. Likewise, on this appeal plaintiff admits that it never contended that its action was based upon "legal fraud." Rather, it asserts that its action was "grounded upon the principles of equitable fraud, sometime known as misrepresentation."
Preliminarily, we point out that "constructive fraud is not fraud at all but is descriptive of conduct which may in the eyes of the law give rise to certain consequences *257 ensuing upon acutal fraud; perhaps the law would be better without the term." [Emphasis added]. Bedrock Foundations, Inc. v. Geo. H. Brewster & Son, Inc., 31 N.J. 124, 136 (1959).
Legal fraud or misrepresentation consists of a material representation of a presently existing or past fact, made with knowledge of its falsity, with the intention that the other party rely thereon, and he does so rely to his damage. Louis Schlesinger Co. v. Wilson, 22 N.J. 576, 585-586 (1956); Lopez v. Swyer, 115 N.J. Super. 237, 250 (App. Div. 1971), aff'd 62 N.J. 267 (1973); Dover Shopping Center, Inc. v. Cushman's Sons, Inc., 63 N.J. Super. 384, 391 (App. Div. 1960). In equitable fraud, the second element (knowledge) is not necessary, but the other four are essential. Id. at 391. However, in an action in which plaintiff relies upon equitable fraud, the only relief that may be sought is equitable relief, such as rescission or reformation of an agreement, and not monetary damages only. Gherardi v. Trenton Board of Education, 53 N.J. Super. 349, 366 (App. Div. 1958). Here, plaintiff bottoms its cause of action upon equitable fraud and solely sought and recovered money damages. Under these circumstances, the trial court improvidently denied defendant's motions for a directed verdict or for a judgment n.o.v. Accordingly, the $27,500 judgment entered in favor of plaintiff is reversed and a judgment in favor of defendant and against plaintiff for no cause of action is entered. By reason of this disposition, it is not necessary for us to consider the additional points raised by defendant on this appeal.
Next, we consider plaintiff's cross-appeal from the partial summary judgment which limited defendant's contractual obligation to $50. Paragraph 15 of the written contract entered into by the parties provided as follows:
It is agreed by and between the parties hereto that the Contractor is not an insurer; that the payments hereinbefore named are based solely on the value of the services provided for herein; that, from the nature of the services to be rendered, it is impracticable and extremely *258 difficult to fix the actual damages, if any, which may proximately result from a failure on the part of the contractor to perform any of its obligations hereunder; that, in case the failure of the Contractor to perform any of its obligations hereunder, and a resulting loss to the Subscriber, the Contractor's liability hereunder shall be limited to and fixed at a sum equal to ten percent of the annual service charge hereinabove provided for, but in no event amounting to less than the sum of fifty dollars, as liquidated damages, and not as a penalty, and this liability shall be exclusive.
Plaintiff contends that this clause either is (1) susceptible to interpretation in its favor as applying only to defendant's duty to service and maintain the alarm equipment or (2) unenforceable as a penalty since it is not a valid liquidated damage clause. Neither contention has merit. The trial court properly found that the parties were in equal bargaining position. Plaintiff voluntarily entered into the contract with full knowledge of the clause and its effect. As provided therein, the contract did not make defendant an insurer for every loss caused by a theft, no matter how extensive. Under the existing circumstances, we find paragraph 15 to be a valid limitation of contractual liability See Shaer Shoe Corp. v. Granite State Alarm, Inc., 110 N.H. 132, 262 A.2d 285 (Sup. Ct. 1970); Better Food Markets, Inc. v. Amer. Dist. Tel. Co., 40 Cal.2d 179, 253 P.2d 10 (Sup. Ct. 1953); Amer. Dist. Teleg. Co. v. Roberts & Son, Inc, 219 Ala. 595, 122 So. 837 (Sup. Ct. 1929); Schepps v. Amer. Dist. Tel. Co., 286 S.W.2d 684 (Tex. Civ. App 1955). Thus, we affirm the partial summary judgment from which plaintiff cross-appeals.
The main appeal is reversed, the cross-appeal is affirmed, in accordance herewith.