REED'S JEWELERS, INC. v. ADT COMPANY

No. 795SC170

(Filed 20 November 1979)

**Contracts § 10— burglar alarm system—provision limiting liability**

A contractual provision limiting the liability of the supplier or installer of a burglar alarm system to a "sum equal to ten percent of the annual service charge or $250, whichever is the greater," was a valid limitation of liability.

APPEAL by plaintiff from *Tillery, Judge.* Judgment entered 4 December 1978 in Superior Court, NEW HANOVER County. Heard in the Court of Appeals 18 October 1979.

Plaintiff filed its complaint against defendant alleging that plaintiff suffered a loss of $38,700 in a break-in at its store as a direct result of the defendant's negligence, gross negligence, breach of express warranty, breach of implied warranty of fitness, and breach of implied warranty of merchantability. Such negligence and breach of warranty allegedly occurred through defendant's manufacturing and distributing of an alarm system with defective parts; inadequately testing and inspecting this system; failing to use proper materials in manufacturing; and improperly monitoring, designing and installing the system.

Defendant answered, alleging that the language in bold print in Paragraph E of its contract with plaintiff for installation and maintenance of the alarm system limited its liability to $250. Plaintiff admitted the genuineness of the contract and admitted that it never made a payment to defendant for purchase of an insurance policy. In answering interrogatories, plaintiff stated that it had numerous false alarms and malfunctioning following installation of the system, that each time defendant would eventually respond to its calls, that wires were reconnected after each call, and that it did not know the exact dates of each malfunction or what work was done. Defendant moved for summary judgment which was allowed, and plaintiff appealed.

*Herbert J. Zimmer, for plaintiff appellant.*

*Womble, Carlyle, Sandridge & Rice, by Allan R. Gitter and Joseph T. Carruthers, for defendant appellee.*

ERWIN, Judge.

Plaintiff presents one question for review: "Was it proper for the court to grant the defendant appellee's motion for summary judgment?" We answer, "Yes," for the reasons that follow.

G.S. 1A-1, Rule 56(c), of the Rules of Civil Procedure provides that summary judgment shall be entered "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that any party is entitled to a judgment as a matter of law." *See also Kidd v. Early,* 289 N.C. 343, 222 S.E. 2d 392 (1976), and *Kessing v. Mortgage Corp.,* 278 N.C. 523, 180 S.E. 2d 823 (1971). The burden of establishing the lack of any triable issue of fact is on the party moving for summary judgment, and the movant's papers are carefully scrutinized while those of the opposing party are regarded with indulgence. *Page v. Sloan,* 281 N.C. 697, 190 S.E. 2d 189 (1972). The judge's role in ruling on a motion for summary judgment is to determine whether any material issues of fact exist that require trial.

Plaintiff contends that the court improperly granted defendant's motion for summary judgment, because there were issues of fact to be decided at trial.

The contract between plaintiff and defendant provided  in bold print:

> "E. It is understood that the contractor is not an insurer, that insurance, if any, shall be obtained by the subscriber and that the amounts payable to the contractor hereunder are based upon the value of the services and the scope of liability as herein set forth and are unrelated to the value of the subscribed property or others located in subscriber's premises, the contractor makes no guaranty or warranty, including any implied warranty or merchantability or fitness that the system or services supplied, will avert or prevent occurrences or the consequences therefrom, which the system or service is designed to detect. It is impractical and extremely difficult to fix the actual damages, if any, which may proximately result from failure on the part of the contractor to perform any of its obligations hereunder. The subscriber does not desire this contract to provide for full

liability of the contractor and agrees that the contractor shall be exempt from liability for loss or damage due directly or indirectly to occurrences, or consequences therefrom, which the service or system is designed to detect or avert; that if the contractor should be found liable for loss or damage due to a failure of service or equipment in any respect, its liability shall be limited to a sum equal to ten percent of the annual service charge or $250, whichever is the greater, as liquidated damages and not as a penalty. As the exclusive remedy, and that the provisions of this paragraph shall apply if loss or damage, irrespective of cause or origin, results directly or indirectly to person or property from performance or nonperformance of obligations imposed by this contract or from negligence, active or otherwise, of the contractor, its agents or employees, if the subscriber desires the contractor to assume a greater liability, contractor will amend this agreement to allow the subscriber to pay an additional annual amount necessary to purchase an insurance policy for such greater liability. No such amendment shall be effective unless signed by the subscriber, contractor and insurance carrier which will be insuring the additional liability." [The foregoing quotation typed from material in all caps]

Plaintiff contends under North Carolina law, contractual provisions providing for liquidating damages for breach of a contract may be upheld, but contractual provisions providing for a penalty for breach of a contract will not be enforced, and that at trial, plaintiff would have developed evidence which would prove that the contractual provisions in question are in the nature of a penalty rather than liquidated damages.

We believe plaintiff has misconstrued the nature of the contractual provision. The provision when properly construed is a limitation of liability and not a liquidated damages or penalty provision. Although, the words, "liquidated damages," were used in the contract, their use has little bearing on the nature of the provision. *Wedner v. Fidelity Security Systems, Inc.*, 228 Pa. Super. Ct. 67, 307 A. 2d 429 (1973). *See also Horn v. Poindexter*, 176 N.C. 620, 97 S.E. 653 (1918).

"An agreement limiting the amount of damages recoverable for breach is not an agreement to pay either liq-

uidated damages or a penalty. Except in the case of certain public service contracts, the contracting parties can by agreement limit their liability in damages to a specified amount, either at the time of making their principal contract, or subsequently thereto. Such a contract does not purport to make an estimate of the harm caused by a breach; nor is its purpose to operate in terrorem to induce performance."

Restatement of Contracts § 339, Comment g on Subsection (1) (1932).

Thus, the real question is whether the limitation of damages set out above is valid.

In *Gas House, Inc. v. Southern Bell Telephone Co.*, 289 N.C. 175, 221 S.E. 2d 499 (1976), our Supreme Court held that a contract provision limiting a telephone company's liability for errors or omissions in an advertisement in the yellow pages of a telephone directory to the cost of the advertisement was not unreasonable and not contrary to public policy. A contractual provision limiting the liability of the supplier or installer of a burglar alarm system to "a sum equal to ten percent of the annual service charge or $250, whichever is the greater," is likewise a valid limitation of liability. *See Central Alarm of Tucson v. Ganem*, 116 Ariz. 74, 567 P. 2d 1203 (1977); *Feary v. Aaron Burglar Alarm, Inc.*, 32 Cal. App. 3d 553, 108 Cal. Rptr. 242 (1973); *Niccoli v. Denver Burglar Alarm, Inc.*, 490 P. 2d 304 (Colo. App. 1971); *Pick Fisheries, Inc. v. Burns Electron. Sec. Serv., Inc.*, 35 Ill. App. 3d 467, 342 N.E. 2d 105 (1976); *Morgan Co. v. Minnesota Min. & Mfg. Co.*, 310 Minn. 305, 246 N.W. 2d 443 (1976); *Foont-Freedenfeld Corp. v. Electro-Protective Corp.*, 126 N.J. Super. Ct. 254, 314 A. 2d 69 (1973); *Wedner v. Fidelity Security Systems, Inc.*, 228 Pa. Super. Ct. 67, 307 A. 2d 429 (1973).

The contractual provision in question was set out in the contract in bold print. Neither party contends the contract in question was not signed by it nor does the plaintiff deny its contents. We hold the summary judgment entered by the trial court was proper in all respects.

The judgment entered below is

Affirmed.

Judges VAUGHN and HILL concur.