■ MICHAEL FLORENCE et al., Doing Business as NATIONAL RECORD PLAN, Respondents, v MERCHANTS CENTRAL ALARM Co., INC., Appellant.—Order, Supreme Court, New York County, entered November 3, 1978, which denied defendant-appellant's motion for summary judgment, unanimously reversed, on the law, and the motion for summary judgment is granted limiting defendant's liability to $50, and judgment may be entered for that amount, with interest, and without costs and disbursements. Plaintiffs entered into an agreement with defendant Merchants whereby the latter installed a police alarm transmitter to be connected to a burglar alarm system furnished by another entity not a party to the action. The agreement

provided that defendant's liability was limited to $50 as liquidated damages, in the event the system failed to work properly. Thereafter, the system malfunctioned and a burglary occurred, as a result of which plaintiffs suffered substantial loss. This suit to recover the loss followed. Thereupon defendant moved to limit its liability to the sum of $50 and for entry of judgment in favor of plaintiffs for that amount. Special Term denied the motion. We have hitherto indicated that a clause such as that contained in the contract now before us which limited the liability of the installer was effective to bar greater liability on the part of the defendant than that specified in the agreement between the parties (*H. G. Metals v Wells Fargo Alarm Servs.,* 45 AD2d 490). Accordingly, summary judgment should have been granted to the extent sought by defendant. Settle order. Concur—Bloom, J. P., Markewich, Silverman and Ross, JJ.