**DONEGAL MUTUAL INSURANCE COMPANY, as subrogee of Ronald Palimere, Eileen Palimere, Peter Farina and Janet Farina t/a International Wholesale Tire Center, Inc., Plaintiffs,**

v.

**TRI–PLEX SECURITY ALARM SYSTEMS and Affiliated Central, Inc., Defendants.**

**Civ. A. No. 91C–09–216.**

Superior Court of Delaware, New Castle County.

Submitted: Sept. 21, 1992.
Decided: Nov. 6, 1992.

David G. Culley, and Dawn L. Becker, of Tybout, Redfearn & Pell, for plaintiffs.

Stephen P. Casarino, of Casarino, Christman & Shalk, and Robert L. Ferguson, Jr., of Theiblot, Ryan, Martin & Ferguson, Baltimore, MD, for defendant Affiliated Cent., Inc.

### OPINION

HERLIHY, Judge.

The matter before the Court is a motion for summary judgment by defendant Affiliated Central, Inc. [Affiliated] against plaintiff Donegal Mutual Insurance Company

[Donegal] and defendant Tri–Plex Security Alarm Systems [Tri–Plex].

Donegal has filed a negligence and breach of contract action against Affiliated and Tri–Plex seeking compensatory damages. Affiliated's motion for summary judgment claims that its liability is limited to $250, as a matter of law. Thus, Affiliated argues that, as no dispute exists as to the amount alleged to be due, it is entitled to summary judgment.

## I. FACTS

Donegal is the insurer of Ronald Palimere, Eileen Palimere, Peter Farina and Janet Farina [the insureds], all or some of whom trade as International Wholesale Tire Center, Inc. [International]. International sold and distributed tires of various types and sizes at a building located at 900 South Heald Street in Wilmington, Delaware. The tires were stored at various locations within the building. In February 1988, Tri–Plex was hired by International to install an alarm system at the 900 South Heald Street building. On International's behalf, Tri–Plex contracted with Affiliated to provide central system services and, if an alarm was sounded, to notify the appropriate entities; the police, the fire department and the insureds.

Very early on the morning of February 28, 1989, a fire broke out in the building. The smoke detection alarm sounded at 1:00 a.m. The Fire Department was notified by Affiliated of a fire at 900 South Heald Street at 1:08 a.m. and fire equipment began arriving at the scene just before 1:15 a.m. The building and its contents sustained damage in the amount of approximately $500,000. The Fire Department later determined that an electrical failure caused the fire.

## II. COMPLAINT

In Count II of the complaint, Donegal claims that Affiliated negligently delayed reporting the fire to the Fire Department. In addition, Donegal alleges that Affiliated's agents were negligent in failing to (1) promptly report the alarm to the appropriate authorities, (2) act reasonably and diligently in an emergency situation and (3) implement adequate procedures to make certain that the alarm would be promptly reported to the appropriate authorities.

In Count IV of the complaint, Donegal maintains that the insureds were third-party beneficiaries of the contract between the defendants Affiliated and Tri–Plex. Donegal contends that, as a result of Affiliated's negligence and the breach of its contract with Tri–Plex, the insureds sustained substantial property damage, loss of contents and loss of income, due to the interruption of business. Donegal states that it paid the insureds for the loss sustained and it now seeks reimbursement from Tri–Plex and Affiliated, jointly and severally.

## III. MOTION

Affiliated claims that the facts are straight forward and entitle it to summary judgment. It denies that it was an insurer of the building but argues that should any liability arise on its part, the liability is limited to $250 pursuant to paragraph 5 of the Alarm Monitoring Agreement [Agreement] [1] between it and Tri–Plex. Affiliated

1.  5. IT IS UNDERSTOOD AND AGREED BY THE PARTIES HERETO THAT [AFFILIATED] IS NOT AN INSURER AND THAT INSURANCE, IF ANY, COVERING PERSONAL INJURY AND PROPERTY LOSS OR DAMAGE ON [THE INSUREDS'] PREMISES SHALL BE OBTAINED BY THE [INSURED]; THAT [AFFILIATED] IS BEING PAID TO MONITOR A SYSTEM DESIGNED TO REDUCE CERTAIN RISKS OF LOSS AND THAT THE AMOUNTS BEING CHARGED BY [AFFILIATED] ARE NOT SUFFICIENT TO GUARANTY THAT NO LOSS WILL OCCUR; THAT [AFFILIATED] IS NOT ASSUMING RESPONSIBILITY FOR ANY LOSSES WHICH MAY OCCUR EVEN IF DUE TO [AFFILIATED'S] NEGLIGENT PERFORMANCE OR FAILURE TO PERFORM ANY OBLIGATION UNDER THIS AGREEMENT. [AFFILIATED] HEREBY DISCLAIMS ALL REPRESENTATIONS AND WARRANTIES, EXPRESS OR IMPLIED, INCLUDING THOSE OF MERCHANTABILITY OR FITNESS THAT THE SYSTEM INSTALLED BY THE INSTALLER OR SERVICE SUPPLIED BY [AFFILIATED] MAY NOT BE COMPROMISED, OR THAT THE SERVICES WILL IN ALL CASES PROVIDE THE PROTECTION FOR WHICH IT IS INTENDED.

argues that the insureds could have obtained, as the Agreement provides, a liability limitation higher than the $250 by paying a higher amount in proportion to the higher liability.

Donegal responds by arguing that Affiliated's motion is premature because of Affiliated's inadequate response to discovery requests. It claims that further discovery is needed and, thus, summary judgment is inappropriate. Superior Court Civil Rule 56(f). In addition, Donegal claims that paragraph 5 of the Agreement is a liquidated damages clause and a factual issue exists whether $250 is reasonable and proportionate.

Finally, Donegal argues that even if Affiliated's liability is limited in a breach of contract action to $250, Affiliated remains liable in negligence for breaching its duty of care.

In response, Affiliated contends that it has fully answered the discovery requests. Its answers include a copy of a letter to Donegal's attorneys sent with additional answers to the discovery request.[2] Affiliated states that the sole issue to be determined is whether the Agreement operates to limit Affiliated's liability to $250. It argues that this matter should be determined by the Court as a matter of law. Affiliated concludes by asserting that paragraph 5 is not a liquidated damages clause.

## IV. SUMMARY JUDGMENT

Summary judgment may be granted where there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. *Wilson v. Joma, Inc.*, Del.Supr., 537 A.2d 187 (1988). The Court must consider the facts stated in a light most favorable to the non-moving party. *Schagrin v. Wilmington Medical Center*, Del.Super., 304 A.2d 61 (1973). Where there is a material fact in dispute or if it seems desirable to inquire more thoroughly into the facts in order to clarify the application of law, summary judgment is inappropriate. *Tew v. Sun Oil Co.*, Del.Super., 407 A.2d 240 (1979).

## V. DISCUSSION

The issue raised in this case is of first impression in this State, namely, is the clause seeking to limit Affiliated's liability to $250, a liquidated damages clause or an enforceable, valid liability limitation clause.

### A.

■ The Court, however, must first turn its attention to whether the motion for summary judgment is timely. Donegal maintains that the motion is not timely as there is a need for additional discovery. Donegal complains that its discovery requests have not be fully answered. It wishes to depose the individuals involved in the negotiation and consummation of the contract between Tri–Plex and Affiliated to cover International and to determine the relative degree of bargaining power of the parties involved and the degree of competition to provide the services in question.

SINCE IT IS IMPRACTICAL AND EXTREMELY DIFFICULT TO FIX ACTUAL DAMAGES WHICH MAY ARISE DUE TO THE FAILURE OF SERVICES PROVIDED, IF, NOTWITHSTANDING THE ABOVE PROVISIONS, THERE SHOULD ARISE ANY LIABILITY ON THE PART OF [AFFILIATED], SUCH LIABILITY SHALL BE LIMITED TO $250. THIS SUM SHALL BE THE COMPLETE LIMIT OF [AFFILIATED'S] LIABILITY AND SHALL NOT BE DEEMED AS A PENALTY. IN THE EVENT THE [INSUREDS WISH AFFILIATED] TO ASSUME A GREATER OR HIGHER LIMITATION OF LIABILITY, THE [INSUREDS] MAY, AS A MATTER OF RIGHT, OBTAIN FROM [AFFILIATED] A HIGHER LIMIT BY PAYING AN ADDITIONAL AMOUNT PROPORTIONED TO THE INCREASE IN DAMAGES, BUT SUCH ADDITIONAL OBLIGATION SHALL IN NO WAY BE INTERPRETED TO HOLD [AFFILIATED] AS AN INSURER.

[THE INSUREDS AGREE] TO AND SHALL INDEMNIFY AND SAVE HARMLESS [AFFILIATED], ITS EMPLOYEES AND AGENTS, FOR AND AGAINST ALL THIRD PARTY CLAIMS, LAWSUITS, AND LOSSES ALLEGED TO BE CAUSED BY [AFFILIATED'S] PERFORMANCE, NEGLIGENT PERFORMANCE, OR FAILURE TO PERFORM ITS OBLIGATIONS UNDER THIS AGREEMENT. [Emphasis in original.]

2. A letter from Robert L. Ferguson, Jr. dated August 14, 1992 was included as Exhibit A attached to defendant Affiliated's reply brief.

Affiliated replies that the interrogatories referring to its part of the alarm system were answered. It also sent supplemental, but unsworn, answers (in the attorney letter) to Donegal and claims it has answered supplemental interrogatories. Affiliated claims that Donegal has the same access to the information requested as does Affiliated. Affiliated claims that there were no negotiations and that it does not compile records on its competitors.

If the interrogatories had not been answered, it may have been inappropriate for the Court to grant summary judgment. *Ebersole v. Lowengrub*, Del.Supr., 180 A.2d 467, 470 (1962). Donegal has not filed a motion to compel discovery as it stated it would in its answering brief. The Court does not find that the motion is untimely but Donegal may proceed with discovery as it relates to Tri–Plex.

### B.

The issue now to be decided is whether paragraph 5 of the Agreement operates to bar Donegal's negligence and breach of contract actions.

Donegal claims that paragraph 5 is a liquidated damages clause. That being so, it argues, a genuine issue of material fact exists whether $250 is reasonable and proportionate to the damages reasonably anticipated.

█ Liquidated damage clauses have long been recognized in Delaware. *In re Ross & Son, Inc.*, Del.Ch., 95 A. 311 (1915). They are enforceable where damages are uncertain and the amount agreed upon is reasonable. *Lee Builders v. Wells*, Del. Ch., 103 A.2d 918, 919 (1954). If, however, damages from breach are easily ascertainable or the amount fixed is excessive, the provision is void as a penalty. *Wilmington Housing Authority v. Pan Builders, Inc.*, D.Del., 665 F.Supp. 351, 354 (1987).

The argument Donegal makes is that a factual issue exists as to whether $250 is reasonable.

█ In a case factually similar to this one, it was held that a clause such as paragraph 5 is not a liquidated damages clause but is an exculpatory or liability limitation clause. *Tessler and Son, Inc. v. Sonitrol Security Systems*, A.D., 203 N.J.Super. 477, 497 A.2d 530, 532 (1985). Further, in cases such as these involving commercial parties, it has been held that there is no difference between a liquidated damages clause, or exculpatory clause, and a liability limitation clause. *General Bargain Center v. American Alarm Co., Inc.*, Ind.Ct.App., 430 N.E.2d 407, 412 (1982); *Schrier v. Beltway Alarm Co.*, Sp.App., 73 Md.App. 281, 533 A.2d 1316, 1318 (1987).

This Court views paragraph 5 as a liability limitation clause. While it is always intellectually dangerous to pigeonhole decisions by using labels, an analysis of paragraph 5 clearly demonstrates its purpose. Liquidated damage clauses appear in contracts as an effort by the parties to establish in advance damages for a breach. *Traylor v. Grafton*, 273 Md. 649, 332 A.2d 651 (1975); *Restatement (Second) of Contracts* § 356, comment g (1981).

While a catchline in a contract is not determinative, there is none in paragraph 5. It is not labelled liquidated damages. The clause says Affiliated is not an insurer or a guarantor of losses. Further, the clause clearly says Affiliated assumes no liability. The parties also recognized the "extreme difficulty" in ascertaining damages. This is not unusual in fire alarm contracts. *Abel Holding Co., Inc. v. American Dist. Tel. Co.*, 138 N.J.Super. 137, 350 A.2d 292 (1975).

█ However, regardless of the labeling of such clauses, the overwhelming number of courts which have considered them have upheld them. *See e.g., Central Alarm of Tucson v. Ganem*, Ariz.App., 116 Ariz. 74, 567 P.2d 1203 (1977); *Guthrie v. American Protection Indus.*, Cal.App.2 Dist., 160 Cal.App.3d 951, 206 Cal.Rptr. 834 (1984); *Bargaintown of D.C., Inc. v. Federal Eng. Co., Inc.*, D.C.App., 309 A.2d 56 (1973); *Stefan Jewelers, Inc. v. Electro–Protection Corp.*, 161 Ga.App. 385, 288 S.E.2d 667 (1982); *Steiner Corp. v. American Dist. Tele.*, 106 Idaho 787, 683 P.2d 435 (1984); *Fireman's Fund Am. Ins. Cos. v.*

*Burns Elec. Sec. Servs., Inc.*, 93 Ill.App.3d 298, 48 Ill.Dec. 729, 417 N.E.2d 131 (1980); *General Bargain Center v. American Alarm Co.*, Ind.App., 430 N.E.2d 407 (1982); *Alan Abis, Inc. v. Burns Elec. Sec. Servs., Inc.*, La.App., 283 So.2d 822 (1973); *Schrier v. Beltway Alarm Co.*, *supra;* *New England Watch Corp. v. Honeywell, Inc.*, 11 Mass.App. 948, 416 N.E.2d 1010 (1981); *St. Paul Fire & Marine Ins. Co. v. Guardian Alarm Co.*, 115 Mich.App. 278, 320 N.W.2d 244 (1982); *Foont–Freedenfeld Co. v. Electro–Protective Co.*, 126 N.J.Super. 254, 314 A.2d 69 (1973), *aff'd.* 64 N.J. 197, 314 A.2d 68 (1974); *Florence v. Merchants Cent. Alarm Co.*, 1st, 73 A.D.2d 869, 423 N.Y.S.2d 663 (1980); *Reed's Jewelers, Inc. v. ADT Co.*, 43 N.C.App. 744, 260 S.E.2d 107 (1979); *Lobianco v. Property Protection, Inc.*, 292 Pa.Super. 346, 437 A.2d 417 (1981); *Vallance & Co. v. DeAnda*, Tex.Civ.App., 595 S.W.2d 587 (1980); *E.H. Ashley & Co., Inc. v. Wells Fargo Alarm Services*, 907 F.2d 1274 (1st Cir. 1990).

Several courts have not upheld such clauses. In *DCR Inc. v. Peak Alarm Co.*, Utah Supr., 663 P.2d 433 (1983), the court sustained a *negligence* action because the clause at issue did not exculpate or limit the alarm company for negligence. That case is clearly distinguishable from the one *sub judice.* The clause here in plain and explicit terms limits Affiliated's liability for negligence, including its own negligence whether active or passive.

Donegal cites *Lenny's, Inc. v. Allied Sign Erectors, Inc.*, 170 Ga.App. 706, 318 S.E.2d 140 (1984). That case is inapposite because of allegations of fraudulent inducement and because the court would not extend the clause to protect against willful and wanton conduct.

The case of *Pope v. Rollins Protective Services Co.*, 703 F.2d 197 (5th Cir.1983) involved a "liquidated damages" clause but the user was an individual lay person not a commercial operation such as International.[3] However, because Rollins had failed

to follow a Texas law regarding contracts solicited door-to-door, the clause was unenforceable in any event.

The cases upholding clauses such as paragraph 5 herein and *DCR, Inc.* also show there can be no separate negligence liability exceeding $250. The clause here is in plain bold type. The contract is not lengthy and the language is clear. Twice in the clause any claim for Affiliated's own negligence is plainly disclaimed and/or limited.

Therefore, assuming Affiliated is determined to be negligent, its liability is limited to $250.

## VI.  CONCLUSION

Accordingly, defendant Affiliated Central, Inc.'s motion for partial summary judgment is GRANTED and its liability, if any, is limited to $250.

---

**3.** Thus, this Court does not reach the issues raised where such a provision exists in a non-