# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

ALISON IAVARONE, )
 )
       Plaintiff, )
 )
       v. )    C.A. No. N18C-05-217 ALR
 )
EAGLE EYE HOME )
INSPECTIONS, LLC, DDTM )
REALTY LLP, d/b/a KELLER )
WILLIAMS REALTY, and )
ELIZABETH VASILIKOS )
 )
       Defendants. )

Submitted: October 8, 2019
Decided: November 4, 2019

***Upon Defendant Eagle Eye Home Inspections, LLC's Motion for Partial Summary Judgment as to Count III of the Complaint***
**GRANTED**

## MEMORANDUM OPINION

Christopher H. Lee, Esquire, Blake Bennett, Esquire, Dean Roland, Esquire, Cooch & Taylor, P.A., Wilmington, Delaware, Attorneys for Plaintiff Alison Iavarone.

Justin Callaway, Esquire, Salmon, Ricchezza, Singer & Turchi, LLP, Wilmington, Delaware, Attorney for Defendant Eagle Eye Home Inspections, LLC.

**Rocanelli, J.**

Defendant Eagle Eye Home Inspections, LLC ("Eagle Eye") has moved for partial summary judgment limiting Eagle Eye's liability, if any, to the cost of the services that Eagle Eye performed for Plaintiff Alison Iavarone ("Plaintiff").[1] Plaintiff opposes Eagle Eye's motion.

## FACTUAL AND PROCEDURAL BACKGROUND

On June 19, 2017, Plaintiff purchased residential property in Rehoboth Beach, Delaware ("Property"). Prior to closing, Plaintiff contracted with Eagle Eye to perform a standard visual home inspection of the Property and to provide Plaintiff with a home inspection report. On May 30, 2017, Eagle Eye provided Plaintiff with a copy of Eagle Eye's Inspection Contract Agreement ("Contract"). The Contract, which is approximately one and one-half pages long, provides, in relevant part, that Eagle Eye's liability is "limited to a refund of the fee paid for the inspection and report" and that the limitation on Eagle Eye's liability "applies to anyone who claims damages or expenses of any kind incurred due to the errors or omissions in [the] inspection and report" ("Limitation of Liability Clause").

The Contract provided Plaintiff with the option of a more exhaustive inspection for a greater fee of $2,700, and stated that there would not be a limitation

[1] Eagle Eye filed its motion in the form of a motion for summary judgment limiting Eagle Eye's liability. Eagle Eye later clarified that Eagle Eye actually seeks relief in the form of partial summary judgment. Accordingly, the Court treats Eagle Eye's motion as a motion for partial summary judgment.

1

on Eagle Eye's liability for the more exhaustive inspection. In addition, the Contract states that the standard visual home inspection "does not include a test on 'Synthetic Stucco' as this is a separate test and contract." Finally, the Contract states that Plaintiff, by signing the Contract, acknowledges that Plaintiff does not want the more exhaustive inspection without the limitation on Eagle Eye's liability. Eagle Eye performed the standard visual home inspection on May 31, 2017.

Plaintiff alleges that shortly after moving into the Property, Plaintiff learned that the Property suffered from significant water-intrusion problems which resulted in damage to the Property. Plaintiff alleges that the cost of repairs exceeds $100,000. On May 23, 2018, Plaintiff filed a Complaint alleging that Eagle Eye acted negligently by failing to conduct a sufficiently thorough investigation and by failing to recommend to Plaintiff that Plaintiff should have a stucco-specific inspection performed. The Complaint further alleges that Eagle Eye's negligence caused Plaintiff to purchase the Property without adequate information and that Plaintiff was injured as a result.

Eagle Eye filed the pending motion on April 8, 2019, and the Court heard oral argument on September 17, 2019.[2]

---

[2] During oral argument, the Court requested the parties to provide supplemental filings addressing whether the Contract bars Plaintiff's tort-based claim. Upon review of the parties' supplemental filings, the Court finds that it need not address the issue of whether the Contract bars Plaintiff's tort claim because Eagle Eye has

2

## LEGAL STANDARD

The Court may grant summary judgment only where the moving party can "show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law."[3] The moving party bears the initial burden of proof and, once that is met, the burden shifts to the non-moving party to show that a material issue of fact exists.[4] At the motion for summary judgment phase, the Court must view the facts "in the light most favorable to the non-moving party."[5]

## DISCUSSION

Plaintiff argues that the Court should deny Eagle Eye's motion because the Limitation of Liability Clause is insufficient to limit Eagle Eye's liability. Plaintiff argues that the Limitation of Liability Clause is similar to a contractual provision that this Court found to be invalid in *Ellis v. Tri State Realty Associates LP*.[6] In *Ellis*, this Court found that contractual provisions purporting to relieve a party from liability for its own negligence must be "crystal clear and unequivocal that the parties contemplated and specifically agreed that the contracting party would be relieved of

---

limited its requested relief to partial summary judgment limiting its liability, if any, to the cost of Eagle Eye's inspection and report.

[3] Super. Ct. Civ. R. 56(c).

[4] *Moore v. Sizemore*, 405 A.2d 679, 680–81(Del. 1979).

[5] *Brozka v. Olson*, 668 A.2d 1355, 1364 (Del. 1995).

[6] 2015 WL 993438 (Del. Super. Ct. Feb. 27, 2015).

its own negligence."[7] To prevail on a motion for summary judgment based on such a provision, the proponent of the provision must show that the provision includes a "specific reference to the negligent wrongdoing of the protected party."[8] The clause in *Ellis* purported to release the defendant from all liability but failed to specifically state that the release applied to the defendant's own wrongdoing.[9] This Court therefore found the clause to be insufficient to relieve the *Ellis* defendant of liability for its negligence.[10]

The heightened scrutiny that this Court applied to the clause in *Ellis* does not apply to the Limitation of Liability Clause. The clause in *Ellis* purported to relieve the defendant of *all* liability.[11] Such provisions are disfavored in Delaware.[12]

On the other hand, the Limitation of Liability Clause at issue in the case before the Court does not purport to relieve Eagle Eye of all liability but rather limits Eagle Eye's liability to the cost of Eagle Eye's inspection and report. Limitation of liability clauses are "enforceable in Delaware when damages are uncertain and the amount

---

[7] *Id.* at *5.
[8] *Id.*
[9] *Id.*
[10] *Id.*
[11] *See id.* at *3.
[12] *See id.* at *5 ("Contractual provisions purporting to *relieve* a party from liability for its own negligence, or otherwise, are not favored in Delaware." (emphasis added)).

4

agreed upon is reasonable."[13]  Thus, a limitation of liability clause is enforceable if the relevant provisions are reasonable and provide certainty as to damages.[14]

The plain language of the Limitation of Liability Clause makes certain the people and types of conduct to which the liability limitation applies.  Moreover, the Contract is not lengthy and the Limitation of Liability Clause's language is clear.[15] Therefore, the Limitation of Liability Clause provides certainty and Plaintiff, having signed the Contract, agreed to the Limitation of Liability Clause.  Eagle Eye would have charged Plaintiff substantially more than $375 for the inspection and report had Eagle Eye expected that its liability was not limited.  Thus, the limitation on Eagle Eye's liability to the cost of the inspection and report is reasonable.[16]  Given the wide range of problems that could give rise to damages attributable to home inspectors,[17] damages were uncertain at the time the parties entered into the Contract.  The

---

[13] *D'Aguiar v. Heisler*, 2011 WL 6951847, at *12 (Del. Com. Pl. Dec. 15, 2011); *see also Rob-Win, Inc. v. Lydia Sec. Monitoring, Inc.*, 2007 WL 330036, at *5–6 (Del. Super. Ct. Apr. 30, 2007); *Donegal Mut. Ins. Co. v. Tri-Plex Sec. Alarm Sys.*, 622 A.2d 1086, 1089–90 (Del. Super. Ct. 1992).

[14] *Rob-Win*, 2007 WL 330036, at *6; *see also Donegal*, 622 A.2d at 1089–90 (analyzing the reasonableness and certainty of a limitation of liability clause).

[15] *See Donegal*, 622 A.2d at 1090 (finding a limitation of liability clause enforceable because, in part, the contract was not lengthy and the language was clear).

[16] *See D'Aguiar*, 2011 WL 6951847, at *12 (finding a limitation of liability clause reasonable where a home inspector would have charged the plaintiff more than the cost of the inspection had the inspector's liability not been limited by the parties' contract).

[17] *See id.* at *13 (discussing the "myriad of problems often discovered or not discovered by home inspectors and their wildly varying costs of repair").

Limitation of Liability Clause is therefore enforceable, and Eagle Eye is entitled to summary judgment.

## CONCLUSION

The parties agreed to the Limitation of Liability Clause which limits Eagle Eye's liability to the cost of Eagle Eye's inspection and report. Because damages were uncertain at the time the parties entered into the Contract and the terms of the Limitation of Liability Clause are reasonable, the Limitation of Liability Clause is enforceable. The total cost of Eagle Eye's inspection and report was $375. Therefore, Eagle Eye's motion for partial summary judgment is hereby granted and its liability, if any, is limited to $375.

**IT IS SO ORDERED.**

*Andrea L. Rocanelli*
**The Honorable Andrea L. Rocanelli**