D. O. V. Graphics, Inc., *v.* Eastman Kodak Co.

(No. A747673—Decided January 22, 1976.)

Court of Common Pleas of Hamilton County.

*Mr. Thomas B. Brush,* for plaintiff.
*Messrs. Keating, Muething & Klekamp* and *Mr. Louis F. Gilligan,* for defendant.

Bettman, J. This case is before the court on the motion of defendant Eastman Kodak for a summary judgment limiting its liability for damages to the replacement of the photographic paper alleged by plaintiff to have been defective. The court has reviewed the pleadings, the deposition and answers to interrogatories filed herein, and the memoranda and arguments of counsel and has concluded that there is no genuine issue as to any material fact and that defendant is entitled to have its motion granted as a matter of law.

The material and uncontradicted facts are that plaintiff had been purchasing the type of photographic paper in question from defendant for approximately five years; that the defective paper appeared about August or September, 1974; that in the year preceding the appearance of

the defective paper plaintiff had purchased and taken delivery of this type of paper from defendant at least ten times; that on each package of paper delivered to plaintiff was a notice which had to be cut to open the package which said:

"READ THIS NOTICE: This paper will be replaced if defective in manufacture, labeling, or packaging. Except for such replacement, the sale or any subsequent handling of this paper is without warranty or liability even though defect, damage or loss is caused by negligence or other fault."

A similar notice appeared on the instructions for the use of this photographic paper and this stated limitation of liability was known to plaintiff for a long time prior to the appearance of the defective paper.

The Uniform Commercial Code as enacted by Ohio provides, in pertinent part (R. C. 1302.93), under the heading contractual modification or limitation of remedy:

"(A) * * *

"(1) the agreement may * * * limit or alter the measure of damage recoverable * * * as by limiting the buyer's remedies to return of the goods and repayment of the price or to repair and replacement of non-conforming goods or parts; and

"(2) resort to a remedy as provided is optional unless the remedy is expressly agreed to be exclusive, in which case it is the sole remedy.

"* * *

"(C) Consequential damages may be limited or excluded unless the limitation or exclusion is unconscionable. Limitation of consequential damages for injury to the person in the case of consumer goods is prima facie unconscionable but limitation of damages where the loss is commercial is not."

While it is true that there is no evidence before the court that the parties sat down and negotiated a formal contract covering all aspects of their relationship including a limitation of liability as was the case in *Avenell* v. *Westinghouse Electric Corp.* (1974), 41 Ohio App. 2d 150,

we are of the opinion that the principle of law there enunciated governs the issue before us.

A contract can be formed in many ways and whatever way it is formed it still is a contract binding on the parties. While it is true here that there is no evidence that the limitation of liability was "negotiated," it is equally clear that plaintiff ordered defendant's photographic paper knowing that defendant had stated in its instructions for the use of the paper and on each package delivered to plaintiff that its liability was limited to replacing any defective paper. The contract therefore for the alleged defective paper consisted of plaintiff's order for paper knowing that defendant was limiting his liability for any commercial damages flowing therefrom and its acceptance of the package of paper on which such limitation of liability was set forth. The contract then between the parties included the limitation of liability.

Under R. C. 1302.93 the only remaining question is whether such a limitation is unconscionable. We are unable to see any reason why in a situation such as this there is anything unconscionable about limiting one's commercial damages. Accordingly defendant's motion for summary judgment limiting its liability to the replacement of its defective product should be granted.

*Motion granted.*