MARION AUDIOVISUAL PRODUC-
TIONS, INC., Plaintiff,

v.

EASTMAN KODAK COMPANY,
Defendant.

No. C 79–14.

United States District Court,
N. D. Ohio, W. D.

March 6, 1980.

J. C. Ratliff, Marion, Ohio, for plaintiff.

Donald F. Melhorn, Jr., Toledo, Ohio, for defendant.

OPINION AND ORDER

DON J. YOUNG, District Judge:

This cause came to be heard upon the defendant's filing of a motion for summary

judgment. The plaintiff has opposed such motion for summary judgment, following a practice, often and thoroughly disapproved of by this Court, of moving to dismiss the defendant's motion. The Federal Rules of Civil Procedure do not provide for or permit a motion to dismiss a motion. Counsel for the plaintiff is advised not to do so again. The Court will reluctantly consider plaintiff's motion as a memorandum in opposition to the defendant's motion. The defendant has moved for leave to file a reply memorandum and an affidavit authenticating and offering certain exhibits. The Court will sustain defendant's motion for leave to file and the clerk will be ordered to file the previously lodged memorandum.

The facts in this case do not appear to be in dispute. The plaintiff herein was a small company, located in Marion, Ohio, originally conceived to program a local cable television channel and provide industrial-commercial audiovisual services. (Hollenbach depo. p. 7; plain. interrog. ans. # 4 and 6.) In late 1976, Mr. David Hollenbach, president of plaintiff, arranged to make a 16 millimeter film for United Telephone Company to be used for public relations purposes. (Hollenbach depo. p. 38 and 43.) Up until that time, the plaintiff had never done a complete 16 millimeter film, although it previously had worked with film in an editing, printing and audio capacity. (Hollenbach depo. p. 30, 31, 39–41.) While the 16 millimeter film with United Telephone was apparently a new venture with plaintiff, both Mr. Hollenbach and Mr. David Puhr, an employee of plaintiff who handled the United Telephone project, had previous photographic experience. (Hollenbach depo. p. 41, 42 and 64; Puhr depo. p. 6 and 7.)

In early January, 1977, Mr. Puhr, upon the recommendation of several individuals, ordered Eastman Kodak Color Negative II 7247 film (hereinafter "7247") for the United Telephone project. (Puhr depo. p. 21–23; Hollenbach depo. p. 51, 53 and 54.) Due to apparent time constraints under which plaintiff was operating, the film was ordered via telephone from the defendant and shipped to the plaintiff by air freight.

(Puhr depo. p. 23 and 29; Hollenbach depo. p. 55.) Mr. Puhr could not recall if the question of who would pay for the shipment of the film was discussed. However, he believed the normal practice of "whoever buys it pays for it" governed. (Puhr depo. p. 29.) On or about January 17, 1977, the first shooting for the project occurred. (Puhr depo. p. 30.) The film shot in January was processed at that time. Plaintiff did not view the film then but put it aside. (Puhr depo. p. 35, 40 and 41; Hollenbach depo. p. 70 and 71.) The shooting for the project was apparently completed in the early spring of 1977, at which time the plaintiff viewed all the film they had shot. (Puhr depo. p. 44.) In viewing the prints, plaintiff found pulsing effects on the film which were originally thought to be the result of bad work prints. (Puhr depo. p. 45; Hollenbach depo. p. 74.) However, upon an analysis of the film, it was determined that the work prints were not the problem but that the film had been either chemically or mechanically fogged. (Puhr depo. p. 49 and 50.) It was suggested that the film might have been exposed to a radioactive substance, perhaps while being transported from defendant to plaintiff by air in January, 1977. (Puhr depo. p. 50; Hollenbach depo. p. 74 and 75.) The film, with the pulsing effects, was determined to be unusable and therefore it was necessary for the project to be reshot. (Hollenbach depo. p. 82.) As a result of the aforesaid occurrence, plaintiff instituted this lawsuit for damages claiming that defendant has breached its warranty that the rolls of film were merchantable and fit for the ordinary purposes for which they were to be used. (Complaint § 4.)

In the summary judgment motion now before the Court, it is the position of the defendant that it is not liable for the $50,-000 damages which plaintiff alleges to have incurred because of defective film. Defendant claims that each carton and inner can of film sold to plaintiff by it contained a notice which stated as follows:

"This film will be replaced if defective in manufacture, labeling, or packaging, or if

damaged or lost by us or any subsidiary company. Except for such replacement, the sale, processing, or other handling of this film is without warranty or liability even though defect, damage, or loss is caused by negligence or other fault. Since color dyes may in time change, this film will not be replaced for or otherwise warranted against, any change in color."

Defendant asserts that even assuming the film became defective in its hands, it is only liable for the cost of replacing the film in question. If, on the other hand, the film was damaged while being shipped to the plaintiff in January, 1977, defendant claims it has no liability since in the absence of an express agreement, the risk of loss was on the plaintiff once the defendant delivered the film to the carrier. For the purpose of this motion, however, defendant is willing to assume that the film was damaged in its hands before being shipped to the plaintiff.

In opposing the summary judgment motion of the defendant, plaintiff claims that the Court cannot assume the film became defective in the hands of the carrier. Rather, plaintiff asserts that the Court must assume the film was defective when it was delivered to its office, and that the defect occurred either when the film was in the hands of the defendant or when it was shipped. The plaintiff further claims that the instant motion should be overruled in that defendant's liability is not limited by the notice which it claims appeared on all cartons and cans of film shipped.

The defendant asserts, and the plaintiff does not dispute, that in the instant action the applicable law to apply is that of the state of Ohio. The defendant directs the Court's attention to the case of D.O.V. Graphics, Inc. v. Eastman Kodak Co., 46 Ohio Misc. 37, 347 N.E.2d 561 (1976), wherein the Common Pleas Court of Hamilton County, Ohio had a chance to consider a situation similar to the one at hand. In D.O.V. Graphics, plaintiff had purchased photographic paper from the defendant which it alleged to be defective. D.O.V. Graphics, supra at 37, 347 N.E.2d 561. The defendant claimed that its liability was limited to the replacement of the photographic paper by reason of a notice, similar to the one in the instant case, which appeared on each package of paper delivered to the plaintiff.[1] Id. at 37 and 38, 347 N.E.2d 561. The Common Pleas Court found that the plaintiff had been purchasing such photographic paper from the defendant for a number of years and that while the defendant's limitation of liability was not negotiated, the plaintiff ordered the paper knowing of such limitation. Id. at 37, 39, 347 N.E.2d 561. Considering the situation in light of Ohio Rev.Code § 1302.93,[2] the court found that the limitation of liability was binding on the parties and that there was nothing unconscionable about limiting one's commercial damages. Id. at 39, 347 N.E.2d 561. It is defendant's position in the instant case that pursuant to Ohio Rev.Code § 1302.93 and D.O.V. Graphics, supra, its motion for summary judgment limiting its liability to the replacement of its "defective product" should be granted.

The plaintiff, in opposing the instant motion, notes that this case differs from D.O.V. Graphics in that the January, 1977 transaction was plaintiff's first purchase of

---

1. The notice to which defendant refers, had to be cut in order to open the packages of photographic paper. D.O.V. Graphics, Inc., supra at 38, 347 N.E.2d 561.

2. Ohio Rev.Code § 1302.93, entitled "Contractual modification or limitation of remedy," states in pertinent part:
   "(A)(1) the agreement . . . may limit or alter the measure of damages recoverable . . . as by limiting the buyer's remedies to return of the goods and repayment of the price or to repair and replacement of non-conforming goods or parts; and

(2) resort to a remedy as provided is optional unless the remedy is expressly agreed to be exclusive, in which case it is the sole remedy.
   \*　　\*　　\*　　\*　　\*　　\*
   (C) Consequential damages may be limited or excluded unless the limitation or exclusion is unconscionable. Limitation of consequential damages for injury to the person in the case of consumer goods is prima facie unconscionable but limitation of damages where the loss is commercial is not."

7247 film from defendant. Plaintiff claims that there is no evidence that it knew defendant was limiting its liability, that there is no evidence that the film actually contained a disclaimer or limitation, and, that the "notice" did not have to be cut open in order to open the film.[3]

A review of the documents submitted herein, tends to refute the claims of the plaintiff. While there is no dispute that plaintiff never purchased 7247 film from defendant before the aforesaid transaction (Puhr depo. p. 40), it is clear that Mr. Puhr and Mr. Hollenbach were familiar with photosensitive products.[4] It is also clear that both Mr. Puhr and Mr. Hollenbach were familiar with a notice, such as the one on the 7247 film, which limits a manufacturer's liability or responsibility to replacement of the photosensitive product if it is defective or faulty. Mr. Puhr stated that he was aware that such a notice appears on anything that is photosensitive, whether it is "film or paper or whatever." (Puhr depo. p. 19 and 20.) He further stated that he could not recall ever noticing an instance when a limiting notice did not appear on the original package of a photosensitive product and that as far as he knew, it was common practice in the photographic industry. (Puhr depo. p. 20 and 21.) Mr. Hollenbach also claimed to be familiar with the type of disclaimer language in the instant case and stated that he knew of no film product which did not have such a label. (Hollenbach depo. p. 84.) Mr. Hollenbach asserted that the aforesaid disclaimer language was common practice in the industry and that he assumed, if he did not know, that this type of limitation was on the 7247 film. (Hollenbach depo. p. 85.) In light of the above, even though the plaintiff had never purchased 7247 film from the defend-

ant before, it is clear that the plaintiff was aware that the defendant was limiting its liability to the replacement cost of the product. The evidence also clearly shows that a disclaimer was contained on the film in question and that on the outer package of 7247 film, the "notice" had to be cut through in order to open the package. (Kerewsky aff., Ex. A and B.)

The Court herein notes that the plaintiff does not challenge the specific language of the limitation found on the 7247 film, but rather it does claim that such notice is deficient in that it is not conspicuous and is unconscionable. In claiming that the instant notice was not conspicuous, the plaintiff looks to the general definition section of the Uniform Commercial Code § 1–201(10) which states as follows:

" 'Conspicuous': A term or clause is conspicuous when it is so written that a reasonable person against whom it is to operate ought to have noticed it. A printed heading in capitals (as: NON–NEGOTIABLE BILL OF LADING) is conspicuous. Language in the body of a form is 'conspicuous' if it is in larger or other contrasting type or color. But in a . telegram any stated term is 'conspicuous'. Whether a term or clause is 'conspicuous' or not is for decision by the court." [5]

The plaintiff also directs the court's attention to the case of *Avenell v. Westinghouse Electric Corp.*, 41 Ohio App.2d 150, 324 N.E.2d 583 (1974), wherein the Court of Appeals of Cuyahoga county found that limiting language was conspicuous when it was located on the first page of a contractual document; the type indicating the contractual conditions was large and readable; the limiting language was simple, direct and easily understood; there was a printed heading in capital letters which read—

3. See note # 1, *supra*.

4. Mr. Hollenbach had worked in photography, film and video tape prior to 1977. He had personally shot 8 millimeter film and had accompanied persons shooting 16 millimeter film. Color Kodak film had been used by Mr. Hollenbach on previous occasions. (Hollenbach depo. p. 5, 30, 31, 35, 36, 41, 42.) Mr. Puhr had been involved in still photography since the time he

was in about seventh grade, and minored in photography at Ohio State University. Among other assignments, Mr. Puhr shot a slide program for United Telephone and was in charge of all film purchases for the plaintiff. (Puhr depo. p. 6; Hollenbach depo. p. 36, 59 and 60.)

5. The identical definition can be found at Ohio Rev.Code § 1301.01(J).

"LIMITATION OF LIABILITY"; and the "person" against whom the limiting language was to operate was a prominent, sophisticated entity. *Avenell v. Westinghouse, supra* at 154–55, 324 N.E.2d 583. On the basis of *Avenell* and U.C.C. § 1–201(10), plaintiff claims that the instant notice was not conspicuous in that it was not prominent and was in fine print. Plaintiff also challenges the notice in that the language "limitations of liability" was missing and that the "person" against whom the limiting language was to operate was neither a prominent nor sophisticated entity.

Upon review of the instant notice, the Court cannot find that such notice is not conspicuous. The Court finds that the limiting language used by the defendant on its 7247 film was so written that a reasonable person against whom it was to operate would notice it. While the size of the type used for the notice was relatively small, it was preceded by the words "Read This Notice" in bolder type. The Court also finds significant the fact that the aforesaid notice was one of the few writings on the film label. It is not as though the situation existed where a limitation had been included in an extensive document. We are dealing with a 4½″ by 4½″ octagonal shaped label which essentially identifies the film and sets forth limiting language. Furthermore, the Court is not convinced that the aforesaid notice should be found not to be conspicuous because the plaintiff is neither prominent nor sophisticated. Plaintiff was a commercial entity which undertook to produce a film presentation for a client. It is clear that Mr. Hollenbach and Mr. Puhr had experience with photography and film. Additionally, it is clear that both gentlemen understood the notice and were aware of such limitations as common practice in the industry. Finally, in view of the totality of the circumstances, the Court must find plaintiff's claim that the disclaimer of warranty and limitation of remedy was unconscionable, not to be well taken. The plaintiff herein was a commercial entity and the Court does not find the limitation of commercial damages to be unconscionable. *See D.O.V. Graphics v. Kodak, supra* at 39, 347 N.E.2d 561; Ohio Rev.Code § 1302.93. Furthermore, it is clear that plaintiff was aware of the limiting language in question when it purchased the film from the defendant, as the provision was according to the mores and business practices of the industry.

In light of all of the above, the Court finds that summary judgment in favor of the defendant is appropriate herein. Assuming, as the parties would have us do, that the film was damaged in the hands of the defendant, there is no need for the Court to determine whether or not the film was damaged during shipment from the defendant to the plaintiff. Therefore, no material facts are in dispute and the Court finds that defendant's liability to the plaintiff is limited to the replacement of the film in question, or to the monetary value of such replacement.

Therefore, for the above stated reasons, good cause appearing, it is

ORDERED that defendant's motion for leave to file a reply memorandum and affidavit authenticating and offering certain exhibits should be and hereby is SUSTAINED; and the clerk shall file the previously lodged memorandum; and it is

FURTHER ORDERED that the defendant's motion for summary judgment should be and hereby is SUSTAINED, and that plaintiff only is entitled to the replacement of the aforesaid film or the monetary value of such replacement. The clerk shall enter judgment accordingly.

It is so ordered.