ST PAUL FIRE & MARINE INSURANCE COMPANY v GUARDIAN
ALARM COMPANY OF MICHIGAN

Docket No. 53536. Submitted November 3, 1981, at Detroit.—Decided
March 23, 1982.

Plaintiff, St. Paul Fire & Marine Insurance Company, brought an
action in the Wayne Circuit Court as subrogee of FLX Corpora-
tion (hereinafter FLX) against defendant, Guardian Alarm
Company of Michigan, for recovery of sums paid to FLX
pursuant to an insurance contract between plaintiff and FLX.
FLX had a contract with defendant for burglar alarm direct
wire central station service. Paragraph 3 of the Service Agree-
ment stated in bold type that defendant was not an insurer.
Paragraph 3 also stated that the charges were based solely on
the value of the services and were unrelated to the value of the
property located on the subscriber's premises. The paragraph
stated that insurance, if any, would be obtained by the sub-
scriber. As to damages, paragraph 3 stated that it was ex-
tremely difficult to fix actual damages, if any, which may result
from failure of the system to operate properly. The paragraph
limited defendant's liability to a refund of an amount equal to
the aggregate of six monthly payments or the sum of $250,
whichever is less, as liquidated damages. These provisions were
to apply "in the event loss or damage, irrespective of cause or
origin, results directly or indirectly to person or property from
the performance or nonperformance of the obligations set forth
by the terms of this contract or from negligence, active or
otherwise, of company, its agents or employees". The FLX
Corporation was burglarized and the alarm system failed to
function. Plaintiff, insurer of FLX, paid its insured's loss of
$13,417.43. Defendant filed a motion for accelerated judgment
contending the matter in controversy involved a sum less than

REFERENCES FOR POINTS IN HEADNOTES
[1] 61A Am Jur 2d, Pleading § 234.
[2] 22 Am Jur 2d, Damages §§ 212, 218.
[3] 17 Am Jur 2d, Contracts § 188.
[4] 17 Am Jur 2d, Contracts §§ 1, 5, 192.

the amount necessary to vest jurisdiction in the circuit court. The motion was granted, Thomas Roumell, J. Plaintiff appealed. *Held:*

1. Lack of subject-matter jurisdiction is properly tested by a motion for accelerated judgment.

2. A clause in a contract which purports to fix damages to a sum certain in the event of a breach is enforceable where the nature of the transaction makes the damages difficult to ascertain. The liquidated damages clause is enforceable.

3. It is not against public policy for a party to contract against liability for damages caused by his own ordinary negligence. The liquidated damages clause is not against public policy.

4. The contract is not unconscionable, oppressive, or beyond the reasonable expectations of the ordinary person.

Affirmed.

1. JUDGMENTS — ACCELERATED JUDGMENTS.

Under a motion for accelerated judgment by defendants the facts well pleaded by plaintiffs and the reasonable inferences therefrom must be considered most favorably towards plaintiffs (GCR 1963, 116.1[2]).

2. CONTRACTS — LIQUIDATED DAMAGES.

A clause in a contract which purports to fix damages to a sum certain in the event of a breach is enforceable where the nature of the transaction makes the damages difficult to ascertain.

3. CONTRACTS — LIABILITY — PUBLIC POLICY.

It is not against public policy for a party to contract against liability for damages caused by his own ordinary negligence.

4. CONTRACTS — ADHESION CONTRACTS.

A contract which is found to be one of adhesion, in order to be unenforceable, must contain terms which the adherent is unaware of and which are beyond the reasonable expectations of an ordinary person or are oppressive or unconscionable.

*Richard A. Smith,* for plaintiff.

*Leonard M. Nathanson, P.C.,* for defendant.

Before: J. H. GILLIS, P.J., and BEASLEY and P. E. DEEGAN,* JJ.

PER CURIAM. Plaintiff brought this action as subrogee of FLX Corporation (hereinafter FLX) against defendant for recovery of sums paid to FLX pursuant to an insurance contract between plaintiff and FLX. Defendant filed a motion for accelerated judgment contending the matter in controversy involved a sum less than the amount necessary to vest jurisdiction in the circuit court. The motion was granted pursuant to an order entered August 21, 1980. Plaintiff appeals as of right.

On April 11, 1975, FLX entered into a contract with defendant for burglar alarm direct wire central station service. Paragraph 3 of the Service Agreement stated in bold type that defendant was not an insurer. Paragraph 3 also stated that the charges were based solely on the value of the services and were unrelated to the value of the property located on the subscriber's premises. The paragraph stated that insurance, if any, would be obtained by the subscriber. As to damages, paragraph 3 stated that it was extremely difficult to fix actual damages, if any, which may result from failure of the system to operate properly. The paragraph limited defendant's liability to a refund of an amount equal to the aggregate of six monthly payments or the sum of $250, whichever is less, as liquidated damages. These provisions were to apply "in the event loss or damage, irrespective of cause or origin, results directly or indirectly to person or property from the performance or nonperformance of the obligations set forth by the terms of this contract or from negli-

---

* Circuit judge, sitting on the Court of Appeals by assignment.

gence, active or otherwise, of Company, its agents or employees".

The cost of the burglar alarm service was $793 upon installation of the system and $60 per month for five years. Under paragraph 8, defendant agreed to maintain and repair the system with reasonable diligence upon receipt of notice of a problem. In paragraph 9, FLX acknowledged that defendant retained ownership of the entire alarm system.

On December 11, 1977, the FLX Corporation was burglarized and the alarm system failed to function. Plaintiff, insurer of FLX, paid its insured's loss of $13,417.43.

Plaintiff then filed suit against defendant, alleging negligence and breach of contract. In its amended complaint plaintiff alleged that the liquidated damage clause was nonnegotiable and that such clause was a sham "against public policy, manifestly unconscionable and invalid."

Defendant brought a motion for accelerated judgment under GCR 1963, 116.1(2), alleging that as a result of the limitation of liability as set forth in the contract the circuit court lacked jurisdiction. The parties filed briefs and the trial judge heard oral argument. The trial judge thereafter granted defendant's motion.

Lack of subject-matter jurisdiction is a ground appropriately raised by a motion for accelerated judgment. GCR 1963, 116.1(2). *Baker v Detroit*, 73 Mich App 67, 71; 250 NW2d 543 (1976). Under a motion for accelerated judgment by defendant, the facts well pleaded by plaintiff and the reasonable inferences therefrom must be construed most favorably towards the plaintiff. *Williams v Polgar*, 391 Mich 6, 11; 215 NW2d 149 (1974). In ruling on a motion for accelerated judgment, the judge is not

permitted to make factual findings, and, if factfinding occurred, this Court must reverse. *Baker,* 73 Mich App 67, 72-73.

Plaintiff claims disputed issues of fact exist as to:

"(a) negligence of appellee; (b) breach of contract by appellee; (c) validity of the denial of subrogation provision."

It seems fairly obvious that any facts which may be disputed as to these issues are moot if the court lacked jurisdiction. Whether or not the court properly had jurisdiction turns on the validity of the liquidated damages clause. Plaintiff has not suggested any particular fact which needed further development before resolution of this issue. Thus, we reject plaintiff's claim that "[a]t the very least, the circuit court should have ordered an evidentiary hearing * * *".

We turn to the question of the validity of the liquidated damages clause. Plaintiff acknowledges that a clause which purports to fix damages to a sum certain in case of breach is enforceable when the nature of the transaction makes the damages difficult to ascertain. *Ross v Loescher,* 152 Mich 386; 116 NW 193 (1908). In arguing that the clause involved here should not be enforced plaintiff asserts that the damages could have easily been ascertained by a periodic check of inventory. Plaintiff suggests that this check could have been provided for in the contract along with appropriate rate increases.

We reject plaintiff's argument because it refuses to acknowledge that a burglar alarm company is not in the insurance business. The actions which plaintiff suggests could have been taken are ex-

actly the kind of things done by insurance compa-
nies. Moreover, in making these suggestions plain-
tiff implicitly acknowledges that without such ac-
tions potential damages are not readily ascertaina-
ble. Thus the liquidated damage clause is enforce-
able.

Plaintiff next argues that the clause is uncon-
scionable, is against public policy and is part of a
contract of adhesion.

Initially, we note that it is not contrary to public
policy for a party to contract against liability for
damage caused by his ordinary negligence. *Klann
v Hess Cartage Co,* 50 Mich App 703; 214 NW2d
63 (1973). *Tope v Waterford Hills Road Racing
Corp,* 81 Mich App 591; 265 NW2d 761 (1978).

Plaintiff relies heavily on *Allen v Michigan Bell
Telephone Co,* 18 Mich App 632; 171 NW2d 689
(1969). In *Allen,* the telephone company contracted
to publish an insurance agent's listing in the
yellow pages but failed to do so. Upon the agent's
suit for damages the telephone company asserted a
clause which limited its liability to the price of the
listing. On appeal, this Court refused to enforce
the clause. The Court's primary concern was that
the insurance agent was contracting with a public
utility which was the only place for the type of
advertising sought. See *Michigan Ass'n of Psycho-
therapy Clinics v Blue Cross & Blue Shield of
Michigan,* 101 Mich App 559, 573; 301 NW2d 33
(1980), *modified* 411 Mich 869 (1981), wherein *Al-
len* was considered at length. The Court found the
term was unconscionable under those circum-
stances.

The circumstances of the instant case are distin-
guishable. This is not an individual versus a mo-
nopoly. Here, both parties to the contract are
corporations dealing at arm's length. Furthermore,

we find the following statement in *Allen* particularly relevant in the instant case:

"Thus, merely because the parties have different options or bargaining power, unequal or wholly out of proportion to each other, does not mean that the agreement of one of the parties to a term of a contract will not be enforced against him; *if the term is substantively reasonable it will be enforced.*" (Emphasis supplied.) *Allen, supra,* 638.

Reasonableness is the primary consideration. The contract clause limiting defendant's liability to the aggregate of six monthly payments or $250 is manifestly reasonable under the circumstances of this case. Defendant is not in the insurance business. Rather it provides an alarm service for a specific sum. That sum is not a premium for theft insurance. The contract in question made this clear. Under these circumstances a clause limiting defendant's liability in the event the alarm system did not work properly is not unconscionable.

In arguing that the contract in question is a contract of adhesion, plaintiff emphasizes the fact that the contract is standardized and is common in the alarm industry. The mere fact that a contract is standardized and preprinted does not make it unenforceable as a contract of adhesion. As stated in *Brown v Siang,* 107 Mich App 91, 107; 309 NW2d 575 (1981):

"A finding that the contract is one of adhesion is only the first step in rendering it unenforceable. It must also be determined that 'the terms of which the adherent was unaware are beyond the reasonable expectations of an ordinary person or are oppressive or unconscionable'."

For the reasons stated, *supra,* we find that the

contract in question was neither unconscionable, oppressive nor beyond the reasonable expectations of the ordinary person. Thus, the clause was enforceable.

The trial court's decision finding a lack of subject-matter jurisdiction is affirmed.