USAA GROUP v UNIVERSAL ALARMS, INC

Docket Nos. 89712, 89828. Submitted December 2, 1986, at Lansing. Decided February 5, 1987.

Charles E. and Jane Mueller, owners of a cottage in Grand Traverse County, entered into a contract with Universal Alarms, Inc., whereby Universal would monitor a burglar/fire alarm they installed in the cottage and report fires and break-ins to the authorities. The contract contained a liquidated damages clause limiting damages to $250. The cottage was destroyed by fire, resulting in damages in excess of $215,000. USAA Group paid the Muellers $140,000, the limits of an insurance policy they wrote on the property. USAA Group, as subrogee of the Muellers, and the Muellers filed separate actions in the Grand Traverse Circuit Court against Universal, alleging failure to report the fire as the proximate cause of the damage. The court, William R. Brown, J., granted summary disposition in favor of defendant on the ground that the liquidated damages clause was enforceable and that the court lacked subject-matter jurisdiction. USAA Group and the Muellers appealed separately and the appeals were consolidated.

The Court of Appeals *held:*

The liquidated damages clause was enforceable and the contract was not an adhesion contract.

Affirmed.

1. CONTRACTS — ADHESION CONTRACTS.

The essence of an adhesion contract is that it is offered on a take it or leave it basis to a consumer who has no realistic bargaining strength and who cannot obtain the desired services or goods without consenting to the contract terms.

REFERENCES

Am Jur 2d, Contracts §§ 1, 5.

Am Jur 2d, Damages §§ 212, 214, 215, 218, 219, 221.

Am Jur 2d, Interest and Usury § 20.

Liability of person furnishing, installing, or servicing burglary or fire alarm system for burglary or fire loss. 37 ALR4th 47.

See also the annotations in the Index to Annotations under Adhesion Contracts.

2. CONTRACTS — LIQUIDATED DAMAGES.

    A clause in a contract which purports to fix damages to a sum certain in the event of a breach is enforceable where the nature of the transaction makes the damages difficult to ascertain.

*Menmuir, Zimmerman, Rollert & Kuhn* (by *R. Jay Hardin*), for USAA Group.

*Thomas J. Demetriou, P.C.* (by *Thomas J. Demetriou*), for plaintiffs Meuller.

*Kurt M. Meeuwenberg*, for defendant.

Before: BEASLEY, P.J., and R. B. BURNS and G. D. LOSTRACCO,* JJ.

PER CURIAM. In this consolidated appeal, plaintiffs appeal from an order of summary disposition in favor of defendant under MCR 2.116(C)(4), lack of subject matter jurisdiction. We affirm.

Plaintiffs Mueller owned a cottage in Grand Traverse County. That cottage was insured by plaintiff USAA Group. The previous owners of the cottage had had a burglar/fire alarm system installed by defendant. After the Muellers purchased the cottage, an agent of defendant approached them to obtain a central monitoring service contract. Under such a contract, defendant would monitor the alarm system and report any fire or intrusion to the authorities. Mr. Mueller entered into the contract.

Thereafter, in 1981, the cottage was consumed by fire, resulting in damages in excess of $215,000. Plaintiff USAA paid to the policy limit of $140,000. The remaining damages were not covered by any insurance policy. Thereafter, USAA brought a subrogation claim against defendant, taking the posi-

* Circuit judge, sitting on the Court of Appeals by assignment.

tion that defendant proximately caused the fire destruction because either the alarm system malfunctioned or defendant failed to notify the appropriate authorities when the alarm sounded. Eventually, the Muellers also filed suit, alleging the same causes of action as USAA. Those suits were consolidated in the trial court.

Among other motions, defendant moved for summary disposition on the grounds that the circuit court lacked subject matter jurisdiction. MCR 2.116(C)(4). The service contract entered into by Mr. Mueller and defendant had a liquidated damages clause which limited defendant's liability to $250. The trial court concluded that the clause was enforceable and that, since liability was limited to $250, the circuit court lacked jurisdiction over the subject matter. Accordingly, the trial court granted the motion.

This case is controlled by *St Paul Fire & Marine Ins Co v Guardian Alarm Co of Michigan,* 115 Mich App 278; 320 NW2d 244 (1982), which arose under a nearly identical fact situation. In *Guardian Alarm,* a burglar alarm failed to function and the alarm company was sued. A similar liquidated damages clause, limiting liability to $250 or the aggregate of six monthly payments, whichever was greater, was present. This Court affirmed the trial court's finding of a lack of subject matter jurisdiction.

Plaintiffs argue that the service agreement was a contract of adhesion and unconscionable. These arguments were addressed and rejected in *Guardian Alarm.* The only meaningful distinction between *Guardian Alarm* and the instant case which could buttress plaintiffs' position is that, in *Guardian Alarm,* the alarm company's customer was a corporation, while in the instant case Mr. Mueller was acting as an individual consumer. Thus, Mr.

Mueller might have a stronger argument for the proposition that he was the victim of an adhesion contract.

This Court set forth the elements of an adhesion contract in *Cushman v Frankel,* 111 Mich App 604, 607; 314 NW2d 705 (1981):

> The essence of an adhesion contract is that it is offered on a take it or leave it basis to a consumer who has no realistic bargaining strength and who cannot obtain the desired services or goods without consenting to the contract terms. *Wheeler v St Joseph Hospital,* 63 Cal App 3d 345, 356; 133 Cal Rptr 775 (1976).

The contract was sent to Mr. Mueller through the mail for his review and approval. While Mueller is an individual consumer and defendant is a corporation, there is no indication that Mueller was in a disadvantageous bargaining position. In fact, in his deposition, Mueller indicated that he was able to convince defendant not to raise its rates. Furthermore, there is no indication in the record that the Muellers were at the mercy of defendant in obtaining the needed services. We are not aware of any limitations preventing the Muellers from obtaining a central monitoring arrangement from another source or from obtaining some other protection system, such as a noise-generating system or a sprinkler system. Accordingly, we conclude that plaintiffs have not made a showing that the service agreement was a contract of adhesion.

Affirmed. Costs to defendant.