Phillip JONES, Plaintiffs,

v.

**ASGROW SEED COMPANY,
Defendant.**

No. 89CV7258.

United States District Court,
N.D. Ohio, W.D.

March 28, 1990.

Michael D. Martin, Martin & Martin, Lakeland, Fla., John P. Harris, III, Lackey, Nusbaum, Harris, Reny & Torzews, Toledo, Ohio, for plaintiffs.

Richard M. Kerger, Marshall & Melhorn, Toledo, Ohio, for defendant.

## MEMORANDUM AND ORDER

WALINSKI, Senior District Judge.

This matter is before the Court on defendant, Asgrow Seed Company's ("Asgrow"), motion for summary judgment and plaintiffs' opposition thereto. This Court has jurisdiction pursuant to 28 U.S.C. § 1332 and 7 U.S.C. § 1551.

Plaintiffs are tomato growers, who along with J & B Tomato, Inc. ("J & B"), are suing Asgrow for allegedly defective tomato seeds. J & B, as an agent for plaintiffs, purchased several thousand pounds of hybrid tomato seeds labeled "Sunny" from Asgrow on or about January 1987. The seed was then sent to Florida where it was raised to seedling plants. This occurred in three different locations in Florida. The seedlings were then planted in part by one of the seedling growers in the counties of Wood and Lucas. The rest of the seedlings were planted by the remaining plaintiffs in their own fields in northwestern Ohio.

In early July, 1987 plaintiffs noticed that the tomato plants appeared to be unhealthy and allegedly were in the early stages of bacterial tomato canker. It is plaintiffs' position that the source of the bacterial tomato canker originated with the seeds. They filed this suit against Asgrow alleging breach of the warranty of fitness for a particular purpose, breach of the warranty of merchantability, breach of express warranty, negligence, and strict liability. Plaintiffs seek damages for lost profits. Asgrow moves for summary judgment.

Rule 56, Fed.R.Civ.P., directs the disposition of a motion for summary judgment. In relevant part Rule 56(c) states:

> The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.

The Court's function in ruling on a motion for summary judgment is to determine if any genuine issue exists for trial, not to resolve any factual issues, and to deny summary judgment if material facts are in dispute. *United States v. Articles of Device*, 527 F.2d 1008, 1011 (6th Cir.1976); *Tee–Pak, Inc. v. St. Regis Paper Co.*, 491 F.2d 1193, 1195 (6th Cir.1974). Further, "[i]n ruling on a motion for summary judgment, the evidence must be viewed in a light most favorable to the party opposing the motion." *Bouldis v. U.S. Suzuki Motor Corp.*, 711 F.2d 1319, 1324 (6th Cir. 1983). To summarize, summary judgment is only appropriate when no genuine issue of material fact remains to be decided, and when the undisputed facts, viewed in a light most favorable to the non-moving party, entitle the movant to judgment as a matter of law. *Smith v. Pan Am World Airways*, 706 F.2d 771, 773 (6th Cir.1983).

A principle purpose of summary judgment "is to isolate and dispose of factually unsupported claims or defenses." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323–24, 106 S.Ct. 2548, 2552–53, 91 L.Ed.2d 265 (1986).

Rule 56(e) places responsibility on the party against whom summary judgment is sought to demonstrate that summary judgment is improper, either by showing the existence of a material question of fact or that the underlying substantive law does not permit such a decision. In relevant part the provision states:

When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of his pleading, but his response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing there is a genuine issue for trial. If he does not so respond, summary judgment, if appropriate, shall be entered against him.

Rule 56(e), Fed.R.Civ.P. Rule 56(e) requires the nonmoving party to go beyond the pleadings, and by affidavits, depositions, answers to interrogatories, or admissions on file, designate specific facts showing a genuine issue for trial. *Celotex Corp. v. Catrett*, 477 U.S. at 324, 106 S.Ct. at 2553.

Defendants seek to dismiss the claim for breach of implied warranties. Warranties may be excluded or modified under Ohio Revised Code § 1302.29 if:

(B) ... the language must mention merchantability and in case of a writing must be conspicuous, and to exclude or modify any implied warranty of fitness the exclusion must be by a writing and conspicuous. Language to exclude all implied warranties of fitness is sufficient if it states for example, that "There are no warranties which extend beyond the description on the face hereof."

Further:

(D) Remedies for breach of warranty can be limited in accordance with the provision of sections 1302.92 and 1302.93 of the Revised Code on liquidation or limitation of damages and on contractual modification of remedy.

Under § 1302.93 the remedy may be limited "to return of goods and repayment of the price or to repair and replacement of non-conforming goods or parts;". However, where the remedy "fails of its essential purpose", it gives way to the general remedy provisions. O.R.C. § 1302.93(B).

■ There is no dispute among the parties regarding the placement of the disclaimers. The order form contains a disclaimer of warranties and limitation of liability clause at the bottom of the form in red lettering. Livigni Affidavit, Exhibit C. The label on the cans containing the seed also contain a disclaimer and limitation of liability clause. Livigni Affidavit, Exhibit D. However, plaintiffs seek to promote an argument that disclaiming liability under the Federal Seed Act, 7 U.S.C. § 1551 *et seq.* is ineffective. We disagree. The Sixth Circuit in *Martin v. Joseph Harris Co., Inc.*, 767 F.2d 296 (6th Cir.1985) rejected a similar argument and held:

... the sale of seeds in question was clearly subject to the [warranty] provisions of the Uniform Commercial Code. *Id.* at 303.

The Court finds that the disclaimers by defendants were conspicuous and the discussion therefore turns to one of unconscionability. Under O.R.C. § 1302.93(C):

■ Consequential damages may be limited or excluded unless the limitation or exclusion is unconscionable. The test for unconscionability is whether, "in the light of the general commercial background and the commercial needs of the particular trade or case, the clauses involved are so one-sided as to be unconscionable under the circumstances existing at the time of the making of the contract". Official Code Comment 1 to UCC § 2-302, O.R.C. § 1302.15. In addition, the Code also permits the limitation of consequential damages where the loss is commercial. O.R.C. § 1302.93(C).

The Ohio Supreme Court has stated that in a commercial setting where there is no great disparity of power, limits on the buyer's remedies are not unconscionable. *Chemtrol Adhesives v. American Mfrs. Mut. Ins. Co.*, 42 Ohio St.3d 40, 537 N.E.2d 624, 639 (1989). However, Ohio courts have upheld such disclaimers where the buyer was a commercial entity. *See D.O.V. Graphics, Inc. v. Eastman Kodak Co.*, 46 Ohio Misc. 37, 347 N.E.2d 561 (1976).

Defendants rely on *Slemmons v. Ciba–Geigy Corp.*, 57 Ohio App.2d 43, 385 N.E.2d 298 (1978) for the proposition that warranty disclaimers in the agricultural industry are not unconscionable. However, their reliance on *Slemmons* is misplaced. *Slemmons* dealt with a farmer seeking damages for failure of his corn crop. The farmer brought his action against the manufacturer of the herbicides a well as the Farm Bureau which applied the herbicides to plaintiff's crops. The court found that the crop loss was proximately caused by an insufficient amount of herbicide being applied. The Farm Bureau sought indemnification from the manufacturer and argued that the disclaimer by the manufacturer was unconscionable as it excluded consequential damages. However, the court held:

> We find nothing in the record before us constituting conclusive proof that the exclusion here was, as to the issue of indenmification, unconscionable.

*Id.* 385 N.E.2d at 307.

The Sixth Circuit in *Martin v. Joseph Harris Co., Inc.*, 767 F.2d 296 (6th Cir. 1985), (applying Michigan law) addressed the broader issue of unconscionability:

> Our decision, therefore, is based on the unequal position of the parties. If the parties had been roughly equal in their legal sophistication and had actually bargained over the limitation clauses or if Harris Company's salesman had informed the legally unsophisticated farmers of the meaning of these clauses, we would have ground for upholding the limitation clauses as bargained-for term in an informed, mutually understood exchange.

*Id.* at 304 (Merritt, C.J. concurring).

In the case *sub judice*, the parties to the contract were Asgrow's salesman and J & B's representative who appears to have acted as an agent for the plaintiff farmers. However, defendant has not demonstrated to the Court that as a matter of law, the disclaimer and limitation of damages, entitles him to summary judgment as to the implied warranty claims.

Next, we consider defendant's motion as to the claims based on express warranties.

Plaintiffs in their complaint allege that Asgrow represented their seed as "disease free". However, a review of the packaging label finds no such representation to be present. Further, plaintiffs, in their reply state that they relied on Asgrow's representations but fail to identify the representations to which they allude.

Therefore, the Court finds that no genuine material of fact is present and that defendant made no express warranties therefore entitling him to summary judgment on these claims.

■ As the plaintiffs in their reply brief have conceded that the strict liability count should be striken the Court will address the claims premised on negligence. Defendant makes two arguments in support of their motion for summary judgment. First, that under Ohio case law, in a commercial action a tort remedy is prohibited. Second, that even under the Federal Seed Act, 7 U.S.C. § 1551 et seq., and the Ohio Seed Act Chapter 907 Ohio Revised Code, there is no genuine issue of material fact which gives rise to a cause of action.

The Ohio Supreme Court most recently addressed ability to bring an action sounding in negligence when it concerns a commercial transaction. *Chemtrol Adhesives, Inc. v. American Manufacturers Mutual Insurance*, 42 Ohio St.3d 40, 537 N.E.2d 624 (1989). In *Chemtrol*, the analysis centered on the duty owed by the manufacturer to the consumer. The plaintiff purchased an arch dryer system which malfunctioned. Subsequently, plaintiff sued for his economic losses. The court stated:

> [t]he law of negligence does not extend the manufacturer's duty so far as to protect the consumer's economic expectations, for such protection would arise not under the law but solely by the agreement between the parties. '[W]hen the promisee's injury consists merely of the loss of his bargain, no tort claim arises because the duty of the promisor to fufill the term of the bargain arises only from the contract.'

*Id.* 537 N.E.2d at 631 (citations omitted).

■ Plaintiffs dispute that *Chemtrol* applies to them as they argue that no privity

exists which would allow them to bring an action sounding in negligence. However, from reading Mr. Jones' deposition it appears that the growers are not merely "ordinary consumers". Rather the growers have a special relationship with J & B akin to an agent. The growers agree to raise the crop for J & B in exchange for the packing and selling of the crop and a share of the profits. It is undisputed that J & B was responsible for buying the seed which was then grown to seedlings and planted in the growers field. As such, J & B acted as an agent for the growers and the ordinary consumer argument must fail.

Finally, plaintiffs argue that violations of the Federal Seed Act and Ohio Seed Act may serve as evidence of negligence. Plaintiffs cite sections of the Federal Seed Act which go to false labeling and false advertisement. Yet there are no facts put forth to support these claims. Plaintiffs' reliance on 7 U.S.C. § 1574 regarding disclaimers is misplaced and we call this particular statement to their attention:

> Nothing in this section is intended to preclude the use of a disclaimer, limited warranty, or nonwarranty clause as a defense in any proceeding *not brought under this chapter.*

*Id.* (Emphasis added).

Therefore, as this Court finds nothing to preclude the use of warranties as a defense and that plaintiffs have failed to show that as a matter of law that they are entitled to maintain an action sounding in negligence, their motion is not well taken.

Accordingly, it is

ORDERED that defendant's motion for summary judgment is granted as to counts II, III, and IV.

FURTHER ORDERED that defendant's motion for summary judgment is denied as to count I.