**STAR–SHADOW PRODUCTIONS, INC. et al.**

**v.**

**SUPER 8 SYNC SOUND SYSTEM.**

**No. 98–115–Appeal.**

Supreme Court of Rhode Island.

June 18, 1999.

Ernest G. Barone, North Providence, for Plaintiffs.

Christine L. McBurney, for Defendant.

Present WEISBERGER, C.J., and LEDERBERG, BOURCIER, FLANDERS, and GOLDBERG, JJ.

**OPINION**

## PER CURIAM.

This case came before the Court for oral argument on May 19, 1999, pursuant to an order that directed both parties to appear in order to show cause why the issues raised by this appeal should not be summarily decided. After hearing the arguments of counsel and examining the memoranda filed by the parties, we are of the opinion that cause has not been shown and that the issues raised by this appeal should be decided at this time.

The plaintiffs, Star–Shadow Productions, Inc., and Bruce J. Haas, produce and film low budget movies. One of their projects, "The Night of the Beast," was scheduled for filming from March 12 through 18, 1994 at the General Stanton Inn in Charlestown, Rhode Island. In preparation for the filming, plaintiffs rented a Beaulieu 7008 Pro 8 millimeter camera and bought 108 rolls of Super 8 Sound high resolution color negative film from the defendant Super 8 Sync Sound System. Unfortunately, on the first day of filming, plaintiffs' cameraman was unable to use the Super 8 film due to loading and jamming problems. A representative of the defendant, Lisa Mattei, offered advice by phone and subsequently traveled to Charlestown with a replacement camera and Kodak Reverse film. When her troubleshooting efforts proved fruitless, she replaced the Super 8 film with Kodak Reverse film and the camera operated successfully. On March 22, 1994, plaintiff returned the camera and plaintiffs' account was credited for the unused film. Whether the movie was successfully completed with the replacement film is a subject of dispute between the parties and beyond the scope of this appeal.

The plaintiffs subsequently sued defendant for damages allegedly caused by the Super 8 film's inability to operate correctly. The original six-count complaint alleged unconscionability, breach of implied warranty of merchantability, fraud, strict

product liability, negligence, and *res ipsa loquitur* and sought incidental, consequential, and punitive damages. The defendant filed a motion for summary judgment on March 24, 1995, arguing that defendant had complied with all the terms of the contract by replacing the defective film and crediting plaintiffs' account for the unused film. The defendant pointed to the limitation of liability clause contained on price sheets and film boxes provided to plaintiffs to show that defendant could not be subject to any additional liabilities. The limitation of liability clause's pertinent part reads: **"Limitation of Liability**: This product will be repaired if defective in manufacture or packing. Except for such replacement this product is sold without warranty or liability even though defect, damage or loss is caused by negligence or other fault * * *."

The motion for summary judgment was granted on June 9, 1995, in respect to the unconscionability, breach of implied warranty of merchantability, and negligence counts. The hearing justice found that the limitation of liability clause contained on the Super 8 film package was valid, therefore, defendant could not be held liable for damages beyond the value of replacement film. The parties consented to the granting of the motion in regard to the strict product liability and *res ipsa loquitur* counts. The hearing justice denied the motion with respect to the fraud count, transformed it into a motion for a more definite statement, and gave plaintiffs twenty days to replead the fraud allegation. This remaining count was eventually disposed of on October 7, 1997, when defendant's motion for summary judgment was granted in its entirety.

On appeal, the plaintiffs assert that the hearing justice erred by finding that the limitation of liability clause was valid and consequently, by granting the motion for summary judgment based upon this allegedly erroneous conclusion. The plaintiffs attack the validity of the limitation of liability clause on the grounds: (1) that the

clause is unconscionable; and (2) the clause does not expressly waive the implied warranty of merchantability.

*Unconscionability*

■ First, plaintiffs assert that "in making its determination as to the unconscionability of the contract or clause, the court erred in not affording [plaintiffs] a reasonable opportunity to *present evidence* as to its commercial setting, purpose and effect," as required by G.L.1956 § 6A–2–302 (2), to support their claim that the waiver of liability was unconscionable "in light of the general commercial background and commercial needs of the particular trade or case." This omission, plaintiffs argue, requires reversal so that plaintiffs may be given an opportunity to present such evidence.

■ This contention is contradicted by the fact that a party opposing a motion for summary judgment is required to present "competent evidence [of] the existence of a disputed material issue of fact [in order to defeat a motion for summary judgment,] and cannot rest upon mere allegations or denials in the pleadings, mere conclusions, or mere legal opinions." *Hale v. Marshall Contractors, Inc.*, 667 A.2d 1252, 1254 (R.I. 1995) (quoting *Manning Auto Parts, Inc. v. Souza*, 591 A.2d 34, 35 (R.I.1991)). In this case, plaintiffs did not avail themselves of the opportunity to submit evidence demonstrating that the limitation of liability was unconscionable in light of the general commercial background and the commercial needs of this particular trade or case, and consequently, the hearing justice properly granted summary judgment on this issue.

■ The plaintiffs also maintain that the limitation of liability clause failed its essential purpose—to adequately protect the filmmakers from damages arising from defective film. They point to the fact that the limitation of liability clause leaves them without recourse against defendants for the thousands of dollars of damages

caused by the defective film. We have held in an analogous situation that the purchase price of goods is "not a premium for * * * insurance," and consequently, limitation of liability clauses are not unconscionable merely because buyers are not fully protected for damages that may arise from the malfunction of their purchased goods or service. *Ostalkiewicz v. Guardian Alarm, Division of Colbert's Security Services, Inc.*, 520 A.2d 563, 566 (R.I.1987) (quoting *St. Paul Fire & Marine Insurance Co. v. Guardian Alarm Co.*, 115 Mich.App. 278, 320 N.W.2d 244, 247 (1982)); *see also Marion Audiovisual Productions, Inc. v. Eastman Kodak Co.*, 487 F.Supp. 371, 375 (N.D.Ohio 1980). In the case of defective film, "the commercial film maker is not abandoned without protection [by limitation of liability clauses] but is free to purchase raw stock insurance * * *." *Posttape Associates v. Eastman Kodak Co.*, 450 F.Supp. 407, 412 (E.D.Pa. 1978).

The fact that plaintiffs in this case have no protection other than their bargained for remedy of replacement film does not make the limitation of liability clause unconscionable. "In an industry where the undertaking may vary from a multi-million dollar extravaganza to a low-budget instructional film," plaintiffs were in the better position to assess their risks and "mold the protection to the scope of [the] project" than defendant who was unaware of the breadth of plaintiffs' undertaking. *Id.*; *see also Fireman's Fund American Insurance Companies v. Burns Electronic Security Services, Inc.*, 93 Ill.App.3d 298, 48 Ill.Dec. 729, 417 N.E.2d 131, 133 (1980) (purchaser "better able * * * to buy any desired amount of insurance"). Thus, plaintiffs received what they bargained for, and the risk of equipment failure properly lay on them, not defendant.

### Waiver of Implied Warranty of Merchantability

The plaintiffs also contend that the limitation of liability clause did not exclude or modify the implied warranty of merchantability because that clause did not "mention the word merchantability nor use the language * * * 'as is' [or] 'with all faults' " as required by § 6A–2–316. The pertinent subsections of this statute require:

"(2) Subject to subsection (3), to exclude or modify the implied warranty of merchantability or any part of it the language must mention merchantability and, in the case of a writing, must be conspicuous, and to exclude or modify any implied warranty of fitness the exclusion must be by a writing and conspicuous. Language to exclude all implied warranties of fitness is sufficient if it states, for example, that 'There are no warranties which extend beyond the description on the face hereof.'

(3) Notwithstanding subsection (2),

(a) Unless the circumstances indicate otherwise, all implied warranties are excluded by expressions like 'as is', 'with all faults' or other language which in common understanding calls the buyer's attention to the exclusion of warranties and makes plain that there is no implied warranty * * *." Section 6A–2–316 (2) & (3)(a).

Section 6A–2–316 does not mandate that a limitation of liability clause expressly mention the implied warranty of merchantability in order to effectively waive this implied warranty. Rather, a general statement that no warranties exist beyond those contained in the document is sufficient. Section 6A–2–316 (3)(a); *cf. Monex, Inc. v. Anthony A. Nunes, Inc.*, 576 A.2d 1206, 1209 (R.I.1990) (language commonly used in the trade is sufficient to waive liability). Therefore, the challenged limitation of liability clause's provision that "except for * * * replacement this product is sold without warranty or liability" is effective to waive the implied warranty of merchantability.

In sum, we conclude that the hearing justice's granting of the defendant's motion for summary judgment was correct. Accordingly, we deny and dismiss the plaintiffs' appeal and affirm the summary judgment entered below. The papers in this case are remanded to the Superior Court.